PER CURIAM.
The appellant was adjudged guilty of the crime of abortion and sentenced for a term of three years to imprisonment at hard labor in the state penitentiary. On his appeal he presents two points. The first urges that the court erred in denying a motion for mistrial when a juror was incapacitated for one day and the court recessed the trial for one day rather than declaring a mistrial as requested. Appellant cites no authority and we know of none which holds that it is error for the trial judge to recess a trial for one day. Certainly it was not reversible error in this case where no prejudice was shown.
Appellant’s second point urges that the judgment should be reversed because the trial judge failed to check improper remarks of the assistant state attorney or to remove the prejudicial effect of such remarks by proper instruction. It is not contended that the claimed prejudicial remarks were objected to but it is urged that a new trial should be granted under the rule set forth in Barnes v. State, Fla.1951, 58 So.2d 157; Blanco v. State, 150 Fla. 98, 7 *238 So.2d 333; See also Beard v. State, Fla. App.1958, 104 So.2d 680. In the Barnes case it was held that the remarks of the state attorney were of such a character that neither rebuke nor retraction could entirely destroy their sinister influence and therefore, a new trial was awarded regardless of the want of objection. In the light of appellant’s argument, we have reviewed the record in this case and find that the remarks of the assistant state attorney do not come within the rule stated.
Affirmed.