PER CURIAM.
Appellant was in custody serving a twenty-five year commitment upon a conviction of second degree murder. While so incarcerated, he held up the deputy warden at gun-point, took from him approximately $50.00 and escaped from prison, allegedly in the warden’s step-daughter’s automobile. He subsequently left the State of Florida and either was apprehended or turned himself in while in the State of Illinois.
After being returned to Florida, he was charged by way of information on three charges, i. e., robbery, escape and larceny of an automobile. On June 29, 1961 appellant was arraigned and entered a plea of nolo contendere. He waived formal arraignment on January 17, 1964 and entered a plea of not guilty. He was formally arraigned on July 16, 1965 and entered a plea of not guilty. A trial by jury followed on September 23, 1965 on all three counts. The jury found him guilty of robbery and escape. The trial judge sentenced him to be confined in the state prison for a, term of six months to ninety-nine years on the charge of robbery and for a term of one year on the charge of escape, both sentences to run consecutively.
*38 Appellant was represented by public defender at the arraignments and at the trial; however, he advised the trial judge that he chose to conduct his own defense but the trial judge ordered the public defender to be present and sit with the defendant at all stages in the heárings and trial. This appeal followed.
Again by representation of the public defender two questions have been posed for our consideration. First, it was contended that the trial judge committed reversible error when he refused to dismiss the charges on the grounds that a period of four and one-half years had elapsed between the filing of the information and the trial, and thus the defendant was denied a speedy trial. Section 915.02 of the Florida Statutes F.S.A. provides the manner in which a speedy trial, as guaranteed by Sections 4 and 11, Declaration of Rights, F.S. A., may be secured. However, our courts have on many occasions determined that there must be a timely request for trial for three consecutive trial periods before this statute takes effect. Loy v. Grayson, Fla.1957, 99 So.2d 555; Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431; Kemp v. State, Fla.App.1965, 177 So.2d 58; and Wilson v. State, Fla.App.1967, 194 So.2d 33.
In the instant. case the appellant was in custody serving a twenty-five year sentence and was in jail during the four and one-half year period. At no time did defendant make written request for trial. Thus, there can be no claim of harm.
Appellant contends that the trial court committed reversible error by trying the charge of escape and robbery together and before the same jury. However, the record fails to show any objection raised by appellant to his being tried for both offenses at the same time and before the same jury. Moreover, the robbery and escape took place as one transaction and were so closely related and connected as to be considered part of the same act Thus it cannot be said that the trial court committed fundamental error so as to afford this court an opportunity to review the alleged error.
We therefore affirm.
ALLEN, C. J., and LILES and PIERCE, JJ., concur.