PER CURIAM.
The appellant was tried upon a two count information which charged separate incidents of robbery and attempted robbery. He was tried before a jury and found not guilty of the charge of robbery, but was found guilty of attempted robbery and was sentenced to five years in the state prison. By motion prior to trial and at the time of trial, appellant moved to have the charges severed. The substantial question on this appeal is whether or not the court erred in denying the motions for severance.
It is appellant’s position that since the incidents with which he was charged were separate criminal acts that he was prejudiced by their trial together and that this is particularly true because he was acquitted of the robbery charge. The join-der of separate offenses is permitted by CrPR 3.140(d) (4), 33 F.S.A. which is as follows:
“3.140(d) (4) Joinder of offenses. Two or more offenses which are triable in the same court may be charged in the same *180 Indictment, Information or Affidavit in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction or on two or more acts or transactions connected together, provided the court in which the Indictment, Information or Affidavit is filed has jurisdiction to try all of the offenses charged.”
The question for us to determine is whether or not the trial court committed prejudicial error in holding that the offenses here tried together were “acts or transactions connected together.” An examination of the record in this case shows that there is strong evidence linking the two offenses charged in the information. Involved in both incidents were two Negro males riding in a “white” car. Both incidents involved a man with a gun, who proceeded to rob or attempt to rob his victims. Both incidents occurred on the same night, January 16, 1971, in the same general vicinity, approximately fifteen minutes apart.
All the facts are consistent with the hypothesis that the two events are “connected together” within the meaning of CrPR 3.140(d) (4).
Appellant’s remaining point claims an abuse of discretion upon the court’s denial of his motion for a recess made during the progress of the trial. Such matters are ordinarily left to the discretion of the trial court unless a gross abuse of discretion which carries with it a presumption of prejudice or actual prejudice is shown. In the present instance, the reason urged for the recess was to give counsel for the defendant an opportunity to have a deposition typed. Counsel for the defendant had stipulated to the taking of the deposition but had made no reservation as to the need for additional time. In addition, there is no showing in this record that the written deposition would have aided appellant. It is claimed that there was a possibility of impeachment of the witness who later testified at trial but the mere suggestion of this possibility does not constitute prejudice. Richardson v. State, Fla.App.1971, 248 So.2d 530; Pessolano v. State, Fla.App.1964, 161 So.2d 237. See also Cornelius v. State, Fla.1950, 49 So.2d 332.
Affirmed.