272 So.2d 803 (1973)
Bennie Eddie DEMPS, Appellant,
v.
STATE of Florida, Appellee.
Jackie HARDIE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 41443, 41444, 41450 and 41451.
Supreme Court of Florida.
January 17, 1973.
Rehearings Denied February 28, 1973.
Harlow C. Middleton, Mt. Dora, and George E. Hovis, Clermont, for Bennie Eddie Demps, Frederick J. Catalano, Eustis, and Robert E. Austin, Jr., Leesburg, for Jackie Hardie, appellants.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
We are here reviewing the consolidated cases in which each of the two appellants was convicted of two counts of first degree *804 murder. Each received two sentences of death by electrocution. Subsequent to their convictions, the Supreme Court of the United States decided the case of Furman v. Georgia,[1] and upon authority of the Furman case, this Court, in Case No. 42,789, reported as Anderson et al. v. State,[2] reduced the penalties imposed against these appellants to life imprisonment, this being currently the maximum penalty for these particular criminal acts.
A careful examination of the record shows conclusively that the appellants herein are fully deserving of the most severe punishment permitted by law. The appellants at gunpoint entered and seized an automobile from an elderly man whom they robbed. They entered a private home, removing a safe, camera and weapons. While appellants were opening the safe in an orange grove, two men and a woman appeared who happened to be in the area inspecting real estate. These people were accosted by the appellants at gunpoint. The victims were robbed of several hundred dollars. The woman was shot wholly without reason or provocation and the dying woman, along with the two men, were compelled to climb into the trunk of an automobile. They were shot several times by the appellants with the full intention of killing them and with full premeditation. The victims offered no defense and the record reflects absolutely no justification for these crimes.
One man and the woman died at the scene of the crime. The third victim survived, although he was wounded by the bullets fired into the trunk of the car. For the assault with intent to commit murder the appellants were each sentenced to terms of imprisonment, but this Court has no direct appellate jurisdiction over these sentences.
The appellants left Florida in the stolen automobile, and were apprehended in the State of New Jersey by a highway patrolman for speeding. When the patrolman requested proof of ownership of the car, appellant Demps first pretended to search inside the vehicle and then at the suggestion of the officer, opened the trunk searching for a certificate or other paper showing their right to possession and control of the vehicle. At that time the officer observed an automatic weapon in the trunk of the automobile and simultaneously a third passenger in the car dropped a pistol to the ground. Whereupon the appellants were arrested for possession of the automatic weapon prohibited by New Jersey law. The Court properly found that there was no violation of the constitutional protection against unreasonable search and seizure.
The appellants complained that the Court improperly denied their motions for severance. A careful examination of the record indicates that the Court did not commit error by denying the motions.
Appellants also complain that they did not receive a proper psychiatric examination. The record is abundantly clear that the parties were afforded psychiatric examinations pursuant to order of the Court. We find said objection without foundation.
Accordingly, the convictions and two sentences imposed upon each appellant, as modified to terms of life imprisonment, are affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, 1972.
[2] 267 So.2d 8, Case No. 42,789, opinion filed September 8, 1972.