311 So.2d 782 (1975)
John E. PANZAVECCHIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1209.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Rehearing Denied May 13, 1975.
*783 Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By an indictment the appellant was charged in one count with first degree murder (for alleged premeditated killing of a named person "by shooting him with a pistol"), and in a second count the appellant was charged with possession of a firearm having previously been convicted of a felony (passing counterfeit).
The two offenses, being based on the same transaction, or on connected acts or transactions, were properly joined in the one indictment. Rule 3.150(a), RCrP. A timely motion of the defendant for severance of the offenses was denied.[1] On trial before a jury, on the first count the defendant was found guilty of second degree murder, a lesser degree of homicide. On the second count the defendant was found *784 guilty of the charge. From the judgment entered thereon and the concurrent sentences imposed (imprisonment for life on the first count and for five years on the second count) the defendant appealed.
The appellant contends the trial court committed error (1) by denying his motion for severance of the offenses, and (2) by denying his motion for mistrial, for certain statements made by the prosecuting attorney during closing argument, claimed by defendant to be prejudicial.
On consideration thereof in the light of the record, briefs and argument we hold no reversible error has been shown. The matter of severance was one where the trial court was accorded a measure of discretion, the exercise of which will not be disturbed on appeal unless the party challenging it shall sustain his burden to show it represented an abuse of discretion. Bretti v. State, Fla.App. 1966, 192 So.2d 6; Moore v. State, Fla.App. 1972, 259 So.2d 179; Demps v. State, Fla. 1973, 272 So.2d 803. In denying the defendant's motion for severance of the offenses the trial court necessarily concluded that severance was not necessary (or "appropriate", as stated in the rule) in order for a fair determination of the defendant's guilt or innocence of each offense.
As pointed out by the State, for this court to hold otherwise in this case would be to rule, in effect, that the crime charged in the second count would be required to be severed in any instance in which an accused was charged therewith and with some other crime, in one indictment or information. The prejudice which the appellant argued resulted from the non-severance of the offenses was attributed to the evidence that previously the defendant had been convicted of a wholly unrelated offense, involving some dealing in counterfeit. That evidence, admissible because of its relevancy and materiality under the second count, properly was considered by the trial court not to operate to the prejudice of the defendant in a determination of his guilt or innocence of the murder count, since the defendant was protected by charges given by the court to the jury to decide the guilt or the innocence of the defendant based on the evidence, without regard to such prior offense. In the circumstances of this case we are impelled to conclude that denial of the defendant's motion for severance of the offenses did not represent an abuse of discretion by the trial court. See Ryan v. State, Fla.App. 1967, 197 So.2d 37; Eagle v. State, Fla.App. 1971, 249 So.2d 460, 465-466. Cf. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. Also the prior conviction of the defendant was brought out by defendant's counsel in his direct examination of a witness.
The appellant's argument that the court committed reversible error by denying his motion for mistrial is without merit. The appellant does not contend that any one remark was prejudicial such as to constitute reversible error, but rather that the several remarks combined were thus prejudicial. We do not so view them. Moreover when such remarks were made the defendant did not direct objections thereto, request cautionary instruction to the jury regarding them and receive adverse rulings thereon, as a basis for the motion for mistrial. Morris v. State, 100 Fla. 850, 130 So. 582; Davis v. State, Fla. App. 1973, 281 So.2d 551.
Although not contended for by the appellant, we note that the two offenses of which the defendant was convicted were facets or phases of the same transaction, in which circumstance only one sentence should have been imposed, being that for the higher of the offenses. By reason thereof, we affirm sentence imposed for murder in the second degree, and the five year term sentence imposed for the other offense, charged in the second count, is vacated. See Cone v. State, Fla. 1973, 285 So.2d 12.
The judgment is affirmed.
NOTES
[1] Rule 3.152(a) RCrP, relating to severance of offenses, provides in pertinent part as follows:

"(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant
(i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or
(ii) during trial, only with defendant's consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense."