391 So.2d 729 (1980)
Mervin BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1397.
District Court of Appeal of Florida, Third District.
December 23, 1980.
*730 Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Susan Minor, Asst. Atty. Gen., and Michael A. Vandetty, Legal Intern, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Mervin Brown contends that we should overturn his robbery conviction because the trial court allowed the State to prove in its case in chief that Brown was not, as he had stated in a voluntary post-arrest interview, employed by a certain concern on the date of the robbery. He flatly tells us that where the State elicits from its own witness the defendant's alibi, the State may not impeach that alibi unless and until the defendant adopts it or has an opportunity to deny or explain his statement. We just as flatly disagree.
Evidence of a defendant's acts or statements calculated to defeat or avoid his prosecution is admissible against him as showing consciousness of guilt. See, e.g., Mackiewicz v. State, 114 So.2d 684 (Fla. 1959), cert. denied, 362 U.S. 965, 80 S.Ct. 883, 4 L.Ed.2d 879 (1960); Spinkelink v. State, 313 So.2d 666 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221. See also United States v. Myers, 550 F.2d 1036 (5th Cir.1977), appeal after remand, 572 F.2d 506, cert. denied, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978); United States ex rel. Royster v. McMann, 292 F. Supp. 116 (E.D.N.Y. 1968) (exculpatory statements, when shown to be false, become inculpatory and are to be treated as admissions); Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1895); United States v. Boekelman, 594 F.2d 1238 (9th Cir.1979); Fox v. United States, 381 F.2d 125 (9th Cir.1967); Holt v. United States, 272 F.2d 272 (9th Cir.1959) (the destruction, suppression or fabrication of evidence is relevant to prove guilt).
The evidence in the present case was not introduced to impeach Brown, but to show that Brown lied about his whereabouts on the day of the crime. This was substantive evidence tending to prove Brown's guilt and was admissible in the State's case in chief. United States v. Merrill, 484 F.2d 168 (8th Cir.1973) (where the Government introduced in its case in chief both the defendant's statement that he had never been in the state where the crime was committed and proof that the defendant had been in the state the day the crime was committed); Matthew v. State, 263 Ind. 672, 337 N.E.2d 821 (1976) (where the state introduced in its case in chief the defendant's grand jury testimony that he had been at a certain friend's house on the night the crime was committed and the friend's testimony that the defendant was not at her house that night). See also United States v. Holbert, 578 F.2d 128 (5th Cir.1978) ("the [defendant's] argument overlooks a long line of authority which recognizes that false exculpatory statements may be used not only to impeach, but also as substantive evidence tending to prove guilt."); United States v. Pistante, 453 F.2d 412 (9th Cir.1971) (the defendant's pre-trial explanations were admissible in the Government's case in chief to prove consciousness of guilt and unlawful intent, even though defendant was not going to take the stand); Douglas v. State, 89 So.2d 659 (Fla. 1956) (where, in dicta, the court stated that under circumstances where "one accused of a *731 crime might deny guilt and then offer a false alibi, a false denial that he owned a weapon of the type employed in committing the crime or a similar statement that could be disproved independently of the proof of the commission of the crime by the defendant," proof of such false statement is evidence tending to show the defendant's guilt).
Brown's remaining points on appeal have been considered and found to be without merit.
Affirmed.