PER CURIAM.
The defendant Cecil Carthy appeals a final judgment of conviction and sentence dated March 24, 1980, which was entered upon an adverse jury verdict rendered against him after trial below in the Circuit Court for the Eleventh Judicial Circuit of Florida.
We have carefully considered the six points on appeal raised by the defendant in his brief, but our review of the record and .applicable law convinces us that there is no merit to any of these contentions. The defendant received, in our view, an eminently fair trial below and was properly convicted and sentenced under the established law for all the crimes he committed in this shocking, but regrettably all-too-common drug related, execution-style homicide. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); State v. Pinder, 375 So.2d 836, 839 (Fla.1979); Castor v. State, 365 So.2d 701, 703 (Fla.1978); McNamara v. State, 357 So.2d 410, 412 (Fla.1978); Slater v. State, 316 So.2d 539 (Fla.1975); North v. State, 65 So.2d 77, 80 (Fla.1952), aff’d., 346 *527 U.S. 932, 74 S.Ct. 376, 98 L.Ed.2d 423 (1954); Roth v. State, 385 So.2d 114 (Fla.3d DCA 1980); Skelton v. State, 349 So.3d 193 (Fla.3d DCA 1977); Panzavecchia v. State, 311 So.2d 782 (Fla.3d DCA 1975), overruled on unrelated sentencing issue, Williams v. State, 346 So.2d 67 (Fla.1977); Jackman v. State, 140 So.2d 627, 630 (Fla.3d DCA 1962); §§ 775.021(4), 924.33 Fla.Stat. (1979); Fla.R. Crim.P. 3.150(a).
We see no point in an extended discussion of this case as, in our view, it would unduly burden the well-settled principles of law which apply herein. The judgment of conviction and sentence dated March 24, 1980, is accordingly,
Affirmed.