McCORD, Judge.
Burwick appeals his conviction and sentences on charges of sexual battery and burglary with assault. We reverse and remand.
Burwick contends that the trial judge committed reversible error by admitting testimony by two policemen who stated they had asked him shortly after the arrest “if he would like to make a statement . . . and he said he did not” and that a police interview had ended “when the defendant said that he wanted to talk to a lawyer.” We agree. See Marshall v. State, 393 So.2d 584 (Fla. 1st DCA 1981), and cases cited therein.
The trial judge admitted this evidence by relying on Greenfield v. State, 337 So.2d 1021 (Fla. 2d DCA 1976); remanded without opinion, 364 So.2d 885 (Fla.1978), in which the second district held that a prosecutor in closing argument may comment on a defendant’s request for an attorney and his desire to remain silent because they indicate he was not insane. As in Greenfield, the appellant here pled not guilty by reason of insanity.
We disagree with the ruling in Greenfield that when the defense of insanity is raised, evidence of the defendant’s exercise of his right to remain silent thereby becomes admissible. The Greenfield opinion cited as authority Parkin v. State, 238 So.2d 817 (Fla.1970), quoting, and relying on, the broad language that “if the statutes and case law permit a defendant the privilege of raising [an insanity defense], he must waive certain constitutional rights with respect to it, including the privilege against self-incrimination.” That statement was made, however, only in the context of the circumstances presented in that case. It did not involve, as here, the admissibility of testimony of the defendant’s exercise of his right to remain silent. There the question was whether a defendant who pleads insanity could then exercise her right to remain silent and refuse to answer a court-appointed doctor’s questions regarding her mental status or medical history. This is unrelated to the question presented here.
Greenfield also referred to Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), to support its position that the protection required in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), should not preclude the state from introducing relevant evidence to rebut an insanity defense. However, Harris and its forebearers were concerned with defendants who commit perjury and then call upon their constitutional rights in an at *724 tempt to exclude proof of that perjury.[1] We have no such situation here.
Burwick is also correct that he should have been allowed to ask a state witness on cross examination if he had been involved in a romantic relationship with the victim. Unfortunately, the judge did not permit the witness to respond to the question during a defense proffer, so neither we, nor the trial court, can determine whether the answer would include evidence of specific instances of sexual activity by the victim, excluded by Section 794.022(2), Florida Statutes (1979). The question as asked goes to the bias and credibility of the witness and is a proper question. The answer, however, could be inadmissible as a violation of the statute.
We find no merit to Burwick’s contention that there was a discovery violation; the trial judge comported with the requirements of Richardson v. State, 246 So.2d 771 (Fla.1971). We also find that the judge did not err in entering judgment and sentence on both charges; the state’s pleadings and proof were sufficient to establish two separate crimes. Finally, we reject Burwick’s attack on the constitutionality of Section 947.16. See Arnett v. State, 397 So.2d 330 (Fla. 1st DCA 1981).
Accordingly, this cause is reversed and remanded for a new trial.
LARRY G. SMITH and SHIVERS, JJ., concur.

. “The shield provided by Miranda cannot be perverted into a license to use perjury . . .” 401 U.S. at 226, 91 S.Ct. at 646 (otherwise inadmissible testimonial evidence may be introduced for impeachment purposes). Cf. Walder v. U. S., 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954) (otherwise inadmissible physical evidence may be used for impeachment). And cf. Dennis v. U.S., 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966) (person who furnished false information to the government cannot defend on the ground that the law requiring the information was invalid) with United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1979) (person who furnished false information to the government cannot defend on the ground that the law requiring the information violated his right against self-incrimination).