424 So.2d 967 (1983)
Raul FINLAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-532.
District Court of Appeal of Florida, Third District.
January 11, 1983.
*968 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven Jacob, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Defendant Finlay appeals his convictions for carrying a concealed firearm, armed burglary, and armed robbery. He received two consecutive life sentences followed by five years' imprisonment. He contends that the court erred in denying his motion to sever the offenses which were neither facets of a single transaction nor connected acts. We agree and reverse.
The charges against Finlay were the result of two incidents occurring eight days apart. On August 18, 1981, Finlay was arrested following a chase by police, who observed him commit a traffic violation. At the time, Finlay was driving the car stolen during an armed robbery of Rodobaldo Vento and an armed burglary at Vento's home on August 10, 1981. Miami City Commissioner J.L. Plummer informed the police that he had seen two men walking after they had abandoned a car. Commissioner Plummer followed Finlay in his car, saw Finlay drop the gun alleged to have been used on August 10, and aimed his own gun at Finlay, assisting in his apprehension by police. Finlay was acquitted of the charge of aggravated assault on Commissioner Plummer. The concealed firearm charge related to the August 18 incident.
Florida Rule of Criminal Procedure 3.152(a) states:
(a) Severance of offenses.
(1) In case two or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant.
(i) before trial upon showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or,
(ii) during trial, only with defendant's consent, upon a showing that such severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.
In our view, the offenses committed on August 10, 1981, are unrelated to those committed on August 18, 1981. We find no merit in the state's contention that the burglary led to the theft of the car and then to the commission of the traffic infraction which led to the aggravated assault with the gun used in the robbery. We discern neither a causal relationship nor a series of connected episodes, Green v. State, 408 So.2d 1086 (Fla. 4th DCA 1982); Rodgers v. State, 325 So.2d 48 (Fla. 2d DCA 1975), cert. dismissed, 342 So.2d 1103 (Fla. 1977); Moore v. State, 259 So.2d 179 (Fla. 3d DCA 1972), sufficient to justify joinder. McMullen v. State, 405 So.2d 479 (Fla. 3d DCA 1981); Fla.R.Crim.P. 3.152 committee note (1972 revision). When improper joinder has occurred, prejudice is conclusively presumed, Macklin v. State, 395 So.2d 1219 (Fla. 3d DCA 1981), and reversal is required.
*969 In addition, we find error in the admission of testimony that defendant Finlay gave a false name when arrested on August 18, 1981. If the name given were in fact false, a matter which was not established during trial, that fact had no bearing on the offenses committed on August 18, 1981, but established, if anything, only a consciousness of guilt regarding offenses committed on August 10, 1981. Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980). If the giving of a false name were admitted as an indication of flight to avoid arrest, Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972), the inferences properly drawn should have been explained by a charge to the jury.
For these reasons, we reverse the convictions and remand for appropriate proceedings consistent with this opinion.