ANSTEAD, Chief Judge,
concurring in part and dissenting in part:
Although I tend to agree with the basic proposition set out in the majority opinion that a defendant should not be allowed to challenge the competency and effectiveness of his trial counsel in successive motions, I cannot agree that trial counsel’s failure to move for a severance in this case is excused by the status of the then prevailing law as enunciated in Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975). Initially I note that this case constitutes something of a procedural nightmare. The appellant is here because he has been specifically directed by the Federal District Court to litigate this issue in the state trial and appellate courts before he will be al *327 lowed to present the issue in the federal courts.
On the issue of ineffectiveness of counsel for failure to move for a severance, I would distinguish this situation from the one faced by the Third District Court of Appeal in Panzavecchia which is relied upon by the majority to excuse counsel’s failure to seek a severance. In Panzavecchia the appellant was charged with murder and possession of a firearm by a convicted felon. The prior felony conviction was for passing a counterfeit bill. The Third District held that the failure to sever the two offenses and the disclosure of the prior felony conviction did not constitute reversible error under the circumstances of that case. Those circumstances included the fact that the nature of the prior conviction was brought out by defendant’s counsel during his direct examination of a witness. In any case, the facts in this case are the reverse of Panzavecchia since here we have a defendant charged with robbery and possession of a firearm by a convicted felon. More importantly, the prior felony conviction, established by the state during appellant’s trial, was for murder. Clearly, the degree of prejudice suffered is substantially different when the main charge is murder and the collateral offense counterfeiting, than when the main offense is robbery and the collateral offense is murder. A jury trying a defendant for first degree murder may not be influenced much by the fact that the defendant was previously convicted of passing a counterfeit bill. But can the same thing be said about a jury that is told the man being tried for robbery is a convicted murderer? I think not.
The Florida Supreme Court, in State v. Vazquez, 419 So.2d 1088 (Fla.1982), held that, although severance may not be required in every case, to deny severance under circumstances similar to those involved herein violates a defendant’s right to a fair trial on the main charge faced. The court approved the decision of the Third District Court of Appeal to the same effect, i.e., that a denial of severance constituted an abuse of discretion because the evidence of the collateral offense “was too powerful, too damning, and too prejudicial for any conscientious jury to disregard.” Vazquez v. State, 405 So.2d 177, 180 (Fla. 3d DCA 1981). In Vazquez, the Third District pointed out that in Panzavecchia it was the defendant himself who introduced proof of his prior felony conviction and thus waived any objection. Id. at 181. The court also noted that it had “specifically limited our holding in Panzavecchia to the precise facts of the ease, which facts on the issue of waiver find no counterpart in the instant case.” Id. at 181. The point is that even if the issue of severance is a discretionary matter for the trial court, permitting that discretion to be exercised by a denial of severance under the circumstances of Panzavecchia clearly does not authorize a denial of severance in this case, or more properly stated, excuse counsel from seeking a severance.