477 So.2d 64 (1985)
Arthur REDFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2746.
District Court of Appeal of Florida, Third District.
October 29, 1985.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
*65 Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Arthur Redford appeals his conviction and sentence entered upon a jury verdict finding him guilty of trespass as a lesser included offense of burglary. He was acquitted of grand theft. Redford contends that the trial court erred in permitting the state to elicit testimony that he had given police a false name at the time of his arrest. In addition, Redford cites as error the trial court's instruction to the jury. We find merit in his claims, and we reverse and remand for a new trial.
In Finlay v. State, 424 So.2d 967 (Fla. 3d DCA 1983), we held that the trial court erred in admitting testimony that defendant gave a false name when arrested. We found that the use of a false name had not been established during trial and, even if it had been proven, the use of a false name bore no relevance to the offenses charged. Redford's case presents similar facts and requires the same disposition. Furthermore, Redford was already under arrest at the time he allegedly gave a false name. Thus, he did not use an alias for the purpose of avoiding arrest or prosecution, and the testimony was not admissible on that basis. Cf. Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980) (evidence of defendant's acts or statements calculated to defeat or avoid prosecution admissible as showing consciousness of guilt).
Next we turn to the challenged jury instruction. Redford claims error in the trial court's instruction to the jury:
The defendant in this case gave the arresting officers a false name. This testimony may be used as evidence of a consciousness of guilt of the offense which had just been committed.
In the instruction the court stated as a fact that Redford had used a false name, a fact solely for the jury's determination. The court's instruction requires reversal because it incorrectly summarizes the evidence and because the instruction constituted prohibited comment upon the evidence. Whitfield v. State, 452 So.2d 548 (Fla. 1984); Jackson v. State, 435 So.2d 984 (Fla. 4th DCA 1983).
Reversed and remanded for a new trial.