648 So.2d 1268 (1995)
Howard STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1711.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
Appellant was found guilty as charged of burglary with assault. He appeals claiming that the trial court erred in determining that questions regarding the relationship between the victim, appellant's girlfriend, and the eyewitness were inadmissible. He also complains that the court should not have admitted statements appellant made to the police officers after his arrest. We agree as to both issues, finding it therefore unnecessary to consider appellant's remaining claim, and reverse.
Appellant and the victim lived together in the victim's home for about nine months. According to the victim, appellant never had a key to the home, but appellant disputed this. On December 25, 1992, the victim testified that she asked appellant to leave the home. Appellant went to his employer's Christmas party. The victim testified that around two in the morning, appellant returned to the house and proceeded to break in and beat her up. The victim's story was corroborated by her friend who was present at the house.
Appellant testified at trial, and his version was quite different. He said that he and the victim got into an argument on Christmas in 1992. He left the home, forgetting to take his keys. He went to the Christmas party and returned later that night. He knocked on the doors and the window, but no one answered. He went around to the front of the house and removed the jalousies to reach in and open the front door. He testified that he had done that in the past when the victim had been away. The victim and her friend *1269 appeared from the hallway that led to the bedroom. Appellant and the victim argued. She tried to strike him, and he struck back, hitting her.
Obviously, the two stories paint entirely different pictures of the extent of the conflict and whether the victim's residence was appellant's place of residence at the time of the incident, a fact important to the issues on the burglary charge. The victim's testimony was supported by her friend who was an eyewitness. Appellant sought to cross-examine the victim and her friend on their relationship, which appellant claimed was a homosexual one, which would show bias of the witness in favor of the victim and against appellant. The trial court refused to allow any questions along those lines.
The trial court erred in refusing to allow appellant to cross-examine the victim and the eyewitness on their relationship as it may have shown bias of the witness in favor of the victim and against appellant. See Arias v. State, 593 So.2d 260 (Fla. 3d DCA 1992); Sias v. State, 416 So.2d 1213 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982); Burwick v. State, 408 So.2d 722 (Fla. 1st DCA 1982), approved, 442 So.2d 944 (Fla. 1983); Sweet v. State, 235 So.2d 40 (Fla. 2d DCA), cert. denied, 239 So.2d 267 (Fla. 1970).
Over the defense's objection as to relevancy, the state was also permitted to examine the arresting officers regarding statements the appellant made after his arrest. In essence, the officers testified that appellant was belligerent and threatened them. This testimony was irrelevant to any issue of the crimes charged and should not have been admitted. Cf., Redford v. State, 477 So.2d 64 (Fla. 3d DCA 1985).
Having reviewed the record, we cannot conclude that these errors were harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Therefore, we reverse and remand for a new trial.
GLICKSTEIN and PARIENTE, JJ., concur.