THOMPSON, Judge.
Whitfield appeals from a judgment of guilt of conspiracy to commit first degree murder and manslaughter as a lesser included offense to first degree murder. We affirm.
It is contended the trial court erred in: (1) admitting hearsay in violation of Whitfield’s rights under the confrontation clause of the Sixth Amendment of the United *1287 States Constitution; (2) denying Whitfield’s motion for judgment of acquittal on the murder charge; (3) failing to conduct a Richardson[1] hearing prior to admitting evidence adduced by the state in violation of the discovery rules; (4) instructing the jury that it could infer consciousness of guilt from Whitfield’s refusal to be fingerprinted; (5) admitting evidence of acts of a co-defendant which occurred after the killing; and (6) failing to dismiss the indictment after Whitfield made a prima facie case of racial discrimination in the selection of grand jury foremen in Leon County.
Whitfield preferred testimony of an exculpatory hearsay statement made to a cell mate by his co-defendant Nelson. The trial judge ruled that the statement was admissible but also ruled that for the purpose of impeachment the state could introduce testimony of an inculpatory hearsay statement made by the co-defendant Nelson to another cell mate. In order to prevent the introduction of the inculpatory hearsay statement, Whitfield’s attorney did not offer the exculpatory statement. We find it unnecessary to pass on the correctness of the court’s ruling as to the admissibility of these statements since no testimony as to either was introduced. Accordingly, the confrontation issue was never reached and reversible error did not occur.
There is evidence that the co-defendant Nelson discussed the killing of the victim with Whitfield, and that Whitfield instructed another person to go see Nelson about performing the killing. There is also testimony that Whitfield participated in two or three meetings planning the killing and that Whitfield’s guns were used in the killing. There was sufficient evidence to submit to the jury the question of Whitfield’s guilt of conspiracy to commit first degree murder and of first degree murder or its lesser included offenses. The trial judge did not err in failing to grant the motion for judgment of acquittal on the murder charge.
Whitfield’s refusal to be fingerprinted was admitted into evidence. It was not a violation of the discovery rules to permit this evidence to be admitted without a Richardson hearing because Whitfield’s refusal was not a statement under Fla.R. Crim.P. 3.220(a)(l)(ii) which provides in part:
The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement, ....
Nor does the record reflect that his refusal was an oral statement under the provisions of Rule 3.220(a)(l)(iii). The appellant in his argument on this question in his brief admits that it is impossible to say whether the appellant said something or whether he physically resisted. There is no basis in the record for holding that a statement requiring a Richardson inquiry was made.
The state requested, and the trial judge gave, an instruction that the jury could infer consciousness of guilt from Whitfield’s refusal to be fingerprinted. On supplemental oral argument on this issue only, Whitfield’s attorney admitted that Whitfield’s refusal to submit to fingerprinting was admissible into evidence. Whitfield contends that such an instruction is improper and emphasizes that particular evidence to the jury. The instruction is not a standard jury instruction in criminal cases. It is a comment on the evidence and both the civil and criminal standard jury instructions committees have avoided this type of instruction.
While such an instruction appears to be an unnecessary comment on the evidence, and a matter more appropriately argued by counsel, similar instructions on facts which the jury may consider as one of the circumstances inferring guilt have been approved. *1288 See Proffitt v. State, 315 So.2d 461 (Fla.1975); Batey v. State, 355 So.2d 1271 (Fla. 1st DCA 1978); and Martinez v. State, 346 So.2d 1209 (Fla. 3d DCA 1977).
There was no error in admitting evidence of acts of the co-defendant Nelson which occurred after the murder. This evidence was material to prove the conspiracy which extended beyond the time of the murder.
The question of discrimination in the selection of the grand jury foremen in Leon County has been previously raised in Wiley v. State, 427 So.2d 283 (Fla. 1st DCA 1983). In Wiley, this court affirmed the trial court’s finding that there was no discrimination in the selection of the grand jury foreman.
AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, J., concurs in part and dissents in part.

. Richardson v. State, 246 So.2d 771 (Fla.1971).