435 So.2d 984 (1983)
Charles JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1029.
District Court of Appeal of Florida, Fourth District.
August 10, 1983.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
The defendant appeals his conviction of robbery asserting error in a special instruction to the jury given over his objection. We reverse on the basis of this instruction.
Jury selection began with the defendant present in the courtroom. At that time he was wearing a goatee. During the evening recess, he shaved his face and appeared in court the following day clean-shaven. At the conclusion of the trial, and over defendant's objection, the court gave the following instruction:
Proof that a person has changed his appearance may be evidence of that person's consciousness of guilt. If you find that this has occurred you may give such weight to  you may give the fact such weight as you feel it is entitled to under the facts and circumstances of this case.
Florida courts have long held that the judge is prohibited from commenting upon the evidence to the jury. See Tanner v. State, 197 So.2d 842 (Fla. 1st DCA 1967). Here, the trial court was not technically commenting on the evidence since there was no real "admission" of evidence. He was instead commenting upon an action of a very obvious nature which the defendant took during the trial and it was tantamount to a comment on evidence. The witnesses who identified the defendant testified that at the time of the offense he wore facial hair and had bushier hair. We hold that counsel was certainly at liberty to argue these facts to the jury. In short, the state could have argued that the defendant's attempts *985 at changing his appearance were an attempt to avoid identification during trial. However, the judge should not have joined in and supported this argument by telling the jury that if they found he had changed his appearance, that such would be evidence of his "consciousness of guilt." It was conspicuously clear that the defendant altered his appearance during the trial.
The state cites Sireci v. State, 399 So.2d 964 (Fla. 1981); Brown v. State, 391 So.2d 729 (Fla. 3d DCA 1980); and Straight v. State, 397 So.2d 903 (Fla. 1981), in support of the instruction. Each of these cases deals with the admissibility of evidence bearing on the defendant's consciousness of guilt. In each case, the evidence was held admissible. In Sireci v. State, supra, evidence of a defendant's attempts at having a witness killed was admitted. However, there is a great distinction between the admission of such relevant evidence and the court's instruction to the jury on how they should view the evidence.
The state also argues that the instant instruction was similar to an instruction on flight as evidence of guilt. Certainly, there is substantial precedent holding that flight may be considered as a circumstance of guilt and that the court may instruct a jury on it. Such instructions are held "not improper as a judicial comment upon the evidence." See Batey v. State, 355 So.2d 1271 (Fla. 1st DCA 1978), and the cases cited therein. Frankly, we are not at all certain as to why an instruction on flight does not constitute an improper comment upon the evidence.
We find it noteworthy that in the most recent edition of Florida Standard Jury Instructions (Criminal) there is no instruction provided on "flight." There is, however, an introductory remark in the Committee's notes, which states: "Language which might be construed as a comment on the evidence has been avoided." Fla.Std. Jury Instr. (Crim.) p. xvi, xxi.
We need not, however, be able to explain the rationale of the precedence on flight instructions in order to determine that we will not extend this rationale to instructions on defendants who shave their beards during a trial. We have abundant confidence that a jury will be able to weigh such facts appropriately as augmented by argument of counsel. There is no necessity for the court to add the great influence of a jury charge on the effect of such actions.
The judgment and sentence are therefore reversed, and the matter is remanded for a new trial.
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.