452 So.2d 548 (1984)
Clifton Lee WHITFIELD, Petitioner,
v.
STATE of Florida, Respondent.
No. 64051.
Supreme Court of Florida.
June 14, 1984.
*549 Randolph P. Murrell, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for respondent.
SHAW, Justice.
This cause is before us on petition for review of Whitfield v. State, 433 So.2d 1285 (Fla. 1st DCA 1983), which is in express and direct conflict with Jackson v. State, 435 So.2d 984 (Fla. 4th DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Jerry Gosby testified for the state that he had originally participated in a conspiracy involving Paris Nelson and petitioner, the object of which was to kill Bobby Rivers. The original plan was to kill Rivers in his apartment using .38 and.32 caliber pistols. Rivers' body was discovered on a dirt road, and from it were removed one .38 caliber and two .32 caliber bullets. A fingerprint of Nelson, who was seen with Rivers the previous evening, was discovered inside Rivers' car.
Gosby, arrested on another charge, informed the police of the Rivers conspiracy, resulting in the arrest of Nelson and petitioner. Two pistols, .32 and .38 caliber, were found in a bag at a service station where petitioner worked. Petitioner's fingerprint was lifted from the bag.
Petitioner and Nelson were charged with conspiracy to commit first-degree murder. Before trial, Nelson told a cellmate, Dorio Daniels, that petitioner shot Rivers. Later Nelson told another cellmate, Gregory Williamson, that he had shot Rivers with petitioner's guns and then returned the guns to petitioner. While petitioner awaited trial, some eight months after his incarceration and initial fingerprinting, he refused to be fingerprinted a second time. The jury found petitioner guilty of conspiracy to commit first-degree murder and manslaughter.
The trial court instructed the jury, over objection, that petitioner's refusal to submit to fingerprinting was a circumstance from which consciousness of guilt could be inferred. The First District Court of Appeal noted that the "instruction appears to be an unnecessary comment on the evidence, and a matter more appropriately argued by counsel," Whitfield, 433 So.2d at 1287, but affirmed nonetheless, citing cases wherein instructions on flight have been affirmed. We find that the instruction was an impermissible comment evaluating the evidence. See Tanner v. State, 197 So.2d 842 (Fla. 1st DCA), cert. denied, 201 So.2d 898 (Fla. 1967). A trial court should scrupulously avoid commenting on the evidence in a case. Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976). Especially in a criminal prosecution, the trial court should take great care not to intimate to the jury the court's opinion as to the weight, character, or credibility of any evidence adduced. Seward v. State, 59 So.2d 529 (Fla. 1952).
An instruction on flight, permitted in the limited circumstance where there is significantly more evidence against the defendant than flight standing alone, is an exception to the general rule prohibiting the trial court from commenting on the *550 evidence. Flight alone would not support an instruction that such flight is evidence of consciousness of guilt, as it would be no more consistent with guilt than with innocence. Proffitt v. State, 315 So.2d 461 (Fla. 1975), affd., 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
The Fourth District Court of Appeal in Jackson held that the flight rationale should not be extended. We agree and approve the decision in Jackson. We agree with Judge Ervin's comment in his dissent in Whitfield that upholding the instruction would allow the exception to swallow the rule.
Given the relatively scanty evidence linking Whitfield to Rivers' homicide and the proper preservation of the point, we find that the instruction constituted harmful error. Petitioner raises several other points that we need not discuss. The issue forming the basis for our jurisdiction is dispositive. We therefore quash the decision and remand to the district court with directions to remand to the trial court for a new trial.
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents.