603 So.2d 89 (1992)
Gregory Karl EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1906.
District Court of Appeal of Florida, Fifth District.
July 31, 1992.
*90 Flem K. Whited, III, of Lambert & Whited, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Deputy Englefelt of the Marion County Sheriff's Office observed Gregory Karl Edwards driving erratically. When Edwards was stopped, a beer bottle fell to the ground. Deputy Englefelt smelled alcohol. Deputy Englefelt administered the roadside sobriety tests which, according to the deputy, Edwards failed. Edwards was arrested. On the advice of counsel, he refused to take a breath test. Evidence of appellant's refusal to submit to the breath test was admitted during the trial. At the close of the case, the trial court, over the objection of appellant, instructed the jury as follows:
[W]hen a person is suspected of committing the offense of driving or operating a motor vehicle while under the influence of alcoholic beverages to the extent that his normal faculties are impaired and it is shown beyond and to exclusion of every reasonable doubt that he refuses to take an approved chemical test, such a fact may be shown into evidence as a circumstance from which guilt may be inferred. Now, while evidence of a refusal to take a chemical test does not raise a presumption of guilt, it is a circumstance which the jury may consider along with all the other evidence and circumstances in the case.
At appellant's request, the trial court certified the issue of the instruction to this court.
In granting the State's requested jury instruction, the trial court relied on South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). In that case Neville refused to take a blood-alcohol test. The controlling statute permitted a person suspected of DUI to refuse the test and permitted the refusal to be used at trial. The trial court granted the motion to suppress all evidence of the refusal; the South Dakota Supreme Court affirmed on the ground that the statute violated the defendant's privilege against self-incrimination. On a petition for certiorari the Supreme Court held that admission into evidence of a defendant's refusal to submit to a blood-alcohol test does not offend his Fifth Amendment right against self-incrimination because it is not an act coerced by the officer. The court further held that it would not be fundamentally unfair to use the refusal as evidence of guilt even though the police failed to warn the defendant that the refusal would be used against him at trial.
It is apparent, therefore, that the statute's requirement that the refusal to take the test be received in evidence does not violate any constitutional stricture. But the court's instruction (commenting) on the effect of such evidence appears to be another matter.
We find that the issue has been resolved by Whitfield v. State, 452 So.2d 548, 549 (Fla. 1984):
The trial court instructed the jury, over objection, that petitioner's refusal to submit to fingerprinting was a circumstance from which consciousness of guilt could be inferred... . We find that the instruction was an impermissible comment evaluating the evidence.... A trial court should scrupulously avoid commenting on the evidence in a case... . *91 Especially in a criminal prosecution, the trial court should take great care not to intimate to the jury the court's opinion as to the weight, character, or credibility of any evidence adduced.
Although the evidence of the refusal was properly admitted into evidence and subject to argument of counsel, Whitfield precludes the court from commenting on it. Further, since the evidence presented to the jury consisted only of the testimony of the police officer as to his observations and the appellant and his witness concerning the amount of alcohol consumed, the physical condition of appellant and the appellant's contentions as to the results of the roadside tests, we cannot say that the court's instruction emphasizing the refusal to take the test was harmless error.
REVERSED and REMANDED for a new trial.
COBB and GRIFFIN, JJ., concur.