604 So.2d 863 (1992)
Alberto VINIEGRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1683.
District Court of Appeal of Florida, Third District.
August 4, 1992.
*864 Bennett H. Brummer, Public Defender, and Judith H. Hayes, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Francine Thomas, Asst. Atty. Gen., for appellee.
Before BASKIN, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
We grant defendant's Motion for Rehearing and substitute the following opinion for our April 7, 1992 opinion.
We affirm defendant's convictions and sentences for trafficking in cocaine and attempted first degree felony murder. Defendant asserts that the trial court committed reversible error in giving the jury a flight instruction. Under the authority of Smith v. State, 598 So.2d 1063, 1067 (Fla. 1992), we find that defendant is entitled to the benefit of Fenelon v. State, 594 So.2d 292 (Fla. 1992), which disapproved of jury instructions on flight. However, despite defendant's proper objection to the flight instruction and preservation of the issue for appellate review, Smith, 598 So.2d at 1067, we find the error harmless. Bryant v. State, 602 So.2d 966 (Fla. 3d DCA 1992).
Furthermore, the trial court properly denied defendant's motion to sever. Hostility among codefendants and their attempts to place blame on each other are insufficient reasons to justify severance. Bryant v. State, 565 So.2d 1298, 1303 (Fla. 1990). Here, the codefendant asserted that the seized cocaine was not his and the jury was aware that several individuals participated in the drug transaction. The codefendant did not inculpate defendant Viniegra. A motion to sever should be granted "when the jury could be confused or improperly influenced by evidence which applies to only one of several defendants." McCray v. State, 416 So.2d 804, 806 (Fla. 1982); Bryant. The statement defendant objected to did not rise to that level. Severance was not required.
Affirmed.