WOLF, Judge.
Appellant challenges his conviction for possession of a firearm by a convicted felon. Appellant raises three issues on appeal, only one of which has merit. Appellant asserts that the trial court erred in giving the jury instruction on flight. We agree and reverse.
At trial, the arresting officer testified that she was called to a disturbance involving the appellant and found him on the street in the neighborhood to which she had been called. The appellant walked away from her at first, but then he turned to face her with his hands in his pockets, and he walked toward her. The deputy believed the appellant had a semiautomatic handgun in his right hand which he pulled almost all the way out of his pocket, but that he put it back in when she drew her gun, after which the appellant turned and ran into the woods. The deputy testified that dogs were called out, but they could not locate either the appellant or the gun.
The appellant testified that he had a beer bottle in his right pants pocket but no gun, and that he turned and ran away when the deputy pulled her gun. The appellant stated that he knew he had a misdemeanor warrant outstanding for failure to pay an $80 fine, and he did not want the deputy taking him to jail for that.
The trial court gave an instruction on flight, over appellant’s objection. In Fenelon v. State, 594 So.2d 292 (Fla.1992), the Florida Supreme Court considered the question of the appropriateness of a trial court giving a jury instruction on flight, and noted, “In reconsidering the flight instruction, we can think of no valid policy reason why a trial judge should be permitted to comment on evidence of flight as opposed to any other evidence adduced at trial.” Id. at 294. Following its analysis of the question, the court stated,
We are thus persuaded that the better policy in future cases where evidence of flight has been properly admitted is to reserve comment to counsel rather than to the court.
Id. at 295, citing Jackson v. State, 435 So.2d 984 (Fla. 4th DCA 1983). Finally, in Fenelon, the court held that “henceforth the jury instruction on flight shall not be given.” Id.[1]
In Fenelon, and subsequently in Power v. State, 605 So.2d 856 (Fla.1992), cert. denied — U.S. -, 113 S.Ct. 1863, 123 L.Ed.2d 483 (Fla.1993), the supreme court found that although it would have been better for the jury to not have been given the flight instruction, the error was harmless in view of other evidence of guilt. See also Viniegra v. State, 604 So.2d 863 (Fla. 3d DCA 1992). In Keys v. State, 606 So.2d 669 (Fla. 1st DCA 1992), however, this court held that it was error for the trial court to give a flight instruction to the jury where it would be necessary for the jury to pyramid inferences of the circumstances in the case, and where, from the evidence, it could be equally as plausible to infer other reasons for the defendant’s conduct:
*1182 [T]he trial court’s flight instruction erroneously elevated the base inference, from which the jury was to draw the ultimate inference of guilt, to the dignity of an established fact notwithstanding other reasonable inferences permissible under the circumstances proven in this record, resulting in the impermissible pyramiding of inferences.
Id. at 674. In the instant case, the appellant testified that his motivation to flee was to avoid being arrested by the police for the $80 fine rather than to avoid being prosecuted for possession of a gun. The appellant testified that he did not have a gun in his pocket, only a 12-ounce bottle of beer. Here, there are “other inferences permissible” from the evidence presented to the jury. Flight alone is no more consistent with guilt than with innocence. Whitfield v. State, 452 So.2d 548, 550 (Fla.1984).
In light of the fact that there was no gun recovered, it would be necessary for the jury to pyramid inferences of the circumstances in this case, and it could be equally as plausible to infer that the appellant fled because he did not want to be arrested for the outstanding misdemeanor warrant, not because he feared arrest for possession of a firearm by a convicted felon. Under these circumstances, as in Keys, there is a reasonable possibility that the court’s error in giving the jury instruction on flight affected the verdict; therefore, it is not harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We hold that giving the flight instruction in this case constitutes reversible error, and we remand for a new trial.
ZEHMER and KAHN, JJ., concur.

. In Smith v. State, 598 So.2d 1063 (Fla.1992), the supreme court held that its decisions which announce a new rule of law should be applied retroactively in all cases not final as of the time of the court’s decision where the point has been properly preserved and raised. Although the court expressly made the Fenelon decision apply prospectively, the Smith decision, decided during the same term of court, would permit application of Fenelon to the instant case.