WOLF, Judge.
Appellant challenges his convictions for second-degree murder and aggravated battery. Appellant asserts that the trial court erred in instructing the jury on flight. We hold that the error in giving an instruction on flight was not harmless under the circumstances of this case, and we reverse.
Appellant stabbed and killed the victim during a confrontation in a parking lot in Panama City Beach. Appellant was accompanied by a group of young people from Alabama. The victim was accompanied by a group of young people from Georgia. Evidence was presented that both groups of people had been drinking heavily prior to the incident. Testimony indicated that the *320 victim had initiated a number of confrontations prior to the incident.
A number of witnesses from both the Georgia and Alabama groups testified that immediately prior to the stabbing, the victim confronted the appellant and shoved appellant down on the hood of a white Corvette, holding appellant around the shoulders and throat. Appellant asserted that he could not breathe and could not free himself, even though he hit the victim several times. Appellant pulled a knife from his pocket and swung it until the victim released him. Appellant stated that he thought he was fighting for his life. As appellant tried to escape, another man grabbed him and appellant again swung the knife. Appellant testified that he ran because he was scared to death. He said he was scared of the Georgia men because they outnumbered and outweighed him. Appellant also stated that he was scared of what he had done and scared of people getting hurt. Appellant turned himself in to the Panama City police nearly three days after the incident.
At trial, the defense objected to instructing the jury on flight. In Fenelon v. State, 594 So.2d 292, 294 (Fla.1992), the Florida Supreme Court determined there was “no valid public policy reason why a trial judge should be permitted to comment on evidence of flight as opposed to any other evidence adduced at trial.” Under certain circumstances, giving the instruction on flight may constitute harmless error. Fenelon, supra; Viniegra v. State, 604 So.2d 863 (Fla. 3d DCA 1992). In some cases, however, where evidence is presented which would indicate that a defendant’s guilt is not the only reasonable inference which may be drawn from flight, a court must carefully review the record to determine whether the error is harmless. Crocker v. State, 616 So.2d 1180 (Fla. 1st DCA 1993).
In the instant case, there is substantial evidence which could support appellant’s claim of self defense as well as other reasonable inferences which may be drawn from appellant’s flight. Under these circumstances, there is a reasonable possibility that the court’s error in giving the jury instruction affected the verdict; therefore, it is not harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We reverse and remand for a new trial.
ALLEN and KAHN, JJ., concur.