BOOTH, Judge,
concurring in part and dissenting in part.
I agree with the majority on all points except the critical finding that the giving of the flight instruction was harmful error. Appellant assisted in the robbery of the cab driver: He sat in the front seat of the cab next to the victim while his codefendant sat in the back with a knife on the victim. Appellant also reached under the front seat and opened and examined the contents of the victim’s bag. There was no evidence that appellant’s participation was due to his fear of the other robbers. To the contrary, the State’s two witnesses testified that appellant did not appear to be acting under duress. The “duress” argument is speculative at best and was rejected by the jury. The weight of the State’s evidence was sufficient to overcome the error in giving the flight instruction, under the test announced in State v. Diguilio, 491 So.2d 1129 (Fla.1986); compare Crocker v. State, 616 So.2d 1180 (Fla. 1st DCA 1993).
I would affirm the judgment of conviction below.