POLEN, Judge.
Joseph Speights appeals his conviction for aggravated assault, armed robbery, grand theft auto and resisting arrest without violence. We reverse, finding the trial court erred by failing to accept the defendant’s race neutral explanation for a peremptory challenge.
During the voir dire phase of the trial, the defense moved to strike Ernie Chipman, a white male, from the jury panel. The state objected, claiming Speights was using peremptory challenges in a racially discriminatory manner. When pressed by the court for an explanation, Speights cited Mr. Chipman’s extensive jury experience. Mr. Chipman had sat on approximately eighteen cases, including a recent murder trial. The defense believed that such experience made him a potential leader, whose vote might be given greater weight by other jurors, and therefore not suitable for the panel. The court refused to accept Speights’ proffered explanation, and placed Mr. Chipman on the jury.
We find the explanation should have been accepted and the failure to do so is reversible error. A Neil/Slappy[1] inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. State v. Johans, 613 So.2d 1319 (Fla.1993). Here, the prosecution objected to Speights’ proposed *318 peremptory challenge. Before the prosecutor could state the grounds for the objection, the trial judge interjected that appellant was striking only white jurors. While it certainly would have been the better practice for the trial court to wait until the state had presented the grounds for the objection, the issue had nonetheless been raised, and required the trial court’s consideration and ruling. At this point, the defense had the burden of providing a valid, nondiscriminatory purpose for the excusal. Reynolds v. State, 576 So.2d 1300, 1301 (Fla.1991). The defense pointed to Mr. Chipman’s past experience, believing that such a person had leadership potential. Such an answer should have been satisfactory.
The U.S. Supreme Court, in discussing the requirements of an explanation, has held the provided reason does not demand an explanation that is persuasive, or even plausible. Purkett v. Elem, — U.S. —, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Instead, the issue is the facial validity of the explanation. Id. Unless a discriminatory intent is inherent in the answer, the reason will be deemed race neutral. Purkett, 115 S.Ct. at 1771; citing Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).
Additionally, possible leadership qualities based upon past jury experience has already been held to be a valid racially neutral reason. Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995). Betancourt involved a juror who had previously served as a jury foreman. The defense’s race neutral explanation was that the juror’s past experience made him a leader who could impose his will on others. While the trial court found the reason invalid, the third district reversed, noting:
All trial lawyers agree that they don’t want any one juror to have a disproportionate say in the verdict or as to the amount of the award, and thus, they seek to exclude anyone who they feel will dominate the panel.
Betancourt at 1023.
While in Betancourt the juror had been a foreman, and here the juror had extensive jury experience, the underlying premise that a “potential leader” is an acceptable race neutral explanation, is legally the same. Such an explanation was facially valid and should have been accepted by the trial court.
We also briefly address the trial court’s erroneous response to a jury question. Speights was charged with resisting arrest without violence for providing a false name to the arresting officer. During deliberations the jury sent the following question to the judge:
Is giving a false name at the time of arrest considered resisting arrest without violence?
Over the appellant’s objections, the court answered the jury by saying that such an action “could be” considered resisting arrest without violence.
Such an instruction was erroneous. In Whitfield v. State, 452 So.2d 548 (Fla.1984), the supreme court held, “Especially in a criminal prosecution, the trial court should take great care not to intimate to the jury the court’s opinion as to the weight, character, or credibility of any evidence adduced.” Id. at 549; citing Seward v. State, 59 So.2d 529 (Fla.1952).
Additionally, this court has consistently held that the trial court should generally adhere to the standard instructions in the absence of extraordinary circumstances. Davis v. State, 373 So.2d 382 (Fla.4th DCA 1979); citing Moody v. State, 359 So.2d 557 (Fla.4th DCA 1978). These cases make it clear that such a response to the jury’s question was erroneous and should not be given in the future.
Finally, Speights raises a possible Richardson violation. Richardson v. State, 246 So.2d 771 (Fla.1971). Because we are reversing for a new trial on the grounds discussed above, any alleged discovery violation can be corrected prior to retrial.
REVERSED AND REMANDED.
KLEIN and PARIENTE, JJ., concur.

. State v. Neil, 457 So.2d 481 (Fla. 1984); State v. Slappy, 522 So.2d 18 (Fla.1988).