683 So.2d 533 (1996)
Richard WASHBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3064.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
*534 Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
GUNTHER, C.J., concurs.
STONE J., concurs specially with opinion.
PARIENTE, J., dissents with opinion.
STONE, Judge, concurring specially.
I write separately to comment in response to the dissent that, in my view, Fenelon v. State, 594 So.2d 292 (Fla.1992) is inapposite, and to note that the standard jury instruction in question was not an improper comment on the evidence, nor did it improperly shift the burden of proof.
PARIENTE, Judge, dissenting.
Defendant contends that the trial court erred in reading the standard jury instruction on possession of recently stolen property where the possession has been innocently explained. He contends the instruction was an impermissible comment on the evidence. I would certify the question to our supreme court. This jury instruction was last addressed in State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), where our supreme court determined that a similar version of the standard instruction did not violate a defendant's right to remain silent and did not impermissibly shift the burden of proof. In approving the instruction our supreme court at that time noted that:
Flight, concealment, resistance to a lawful arrest, presence at the scene of the crime, incriminating fingerprintsthe whole body of circumstantial evidence relevant in a given caseare all incriminating circumstances which the jury may consider as tending to show guilt if evidence thereof is allowed to go to the jury unexplained or unrebutted by evidence of exculpatory facts and circumstances.
Id. at 571 (emphasis supplied).
I have two concerns here. First of all, our supreme court did not deal with the situation when possession is explained and also did not address whether the instruction was an impermissible comment on the evidence. I agree with Judge Ervin's dissent in Lynn v. State, 395 So.2d 621, 624 (Fla. 1st DCA), review denied, 402 So.2d 611 (Fla.1981), wherein he discussed the problem of this instruction when possession is explained by the defense. Judge Ervin proposed a modified instruction in this circumstance.
Second of all, although our supreme court in Young analogized possession of recently stolen property to evidence of flightboth are incriminating evidence which the jury may consider in determining guiltour supreme court in Fenelon v. State, 594 So.2d 292 (Fla.1992), expressly disapproved of a jury instruction on flight as an impermissible comment on the evidence. In light of the reasoning of Fenelon, I would certify the question.