ANTOON, Judge.
Following a jury verdict, the trial court adjudicated the defendant guilty of committing the offense of grand theft and sentenced him to a term of three-years probation. As a condition of probation, the defendant was directed to pay the victim $5,395 in restitution, including the sum of $500 for costs which the victim claimed to have incurred in locating the stolen property. The defendant appeals his judgment and sentence contending that the trial court erred by (1) improperly commenting on the evidence by issuing the standard jury instruction regarding possession of recently stolen property, and (2) requiring him to pay the victim’s investigative costs. We conclude that the trial court committed no error in instructing the jury. However, the court did err in directing the defendant to pay $500 in restitution for the victim’s investigative costs because the state failed to sustain its burden of proving that the costs were reasonable.
At trial, the victim testified that he parked his Airstream travel trailer in a parking lot along State Road 40 and placed a “For Sale” sign on it. The victim later discovered that his trailer was missing. He immediately notified the police and then began trying to locate the trailer on his own. Approximately three months later, the victim found the trailer in the defendant’s possession at the Ocala Springs Recreational Vehicle Park. The defendant was subsequently arrested and charged with grand theft in violation of section 812.014(2)(e)l, Florida Statutes (1995). The state presented additional evidence establishing that the defendant rented a lot at the Ocala Springs Recreational Vehicle Park on the same day the victim discovered that his trailer was missing. The state’s evidence also established that the defendant moved the trailer to the park a couple of days after he rented the lot. Over the defendant’s objection, the trial court instructed the jury in accordance with Florida Standard Jury Instructions In Criminal Cases, including the following instruction:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
The jury found the defendant guilty as charged.
The defendant first maintains that the trial court erred in issuing the instruction on the possession of recently stolen property, arguing that the instruction constituted an improper comment on the evidence. We note that the instruction was specifically approved by our supreme court in State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), wherein the court ruled that application of the instruction does not improperly shift the burden to the defendant to produce evidence to rebut the presumption. Also, in Edwards v. State, 381 So.2d 696 (Fla.1980), the supreme court rejected the argument that the instruction violated the defendant’s right to remain silent, emphasizing that a defendant could present a “satisfactory explanation” of possession of recently stolen property through the testimony of other witnesses. Based upon this ease law, we reject the defendant’s claims of error concerning the issuance of this instruction, concluding that our supreme court is satisfied that the instruction passes constitutional muster.
In so ruling, we acknowledge the reasoning set forth by the dissent in Washburn v. State, 683 So.2d 533 (Fla. 4th DCA 1996). Specifically, in explaining her reason for dissenting, Judge Pariente first recognized that the instruction on the possession of recently stolen property had been favorably reviewed by our supreme court in State v. Young, 217 So.2d 567 (Fla.1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). However, Judge Pariente pointed out that, while the Young court determined that “the instruction did not violate the defendant’s right to remain silent and did not impermis-sibly shift the burden of proof,” the court failed to discuss whether the reading of the instruction would constitute an impermissible comment on the evidence in a case where the defendant puts forth a palpably credible explanation for the possession of the stolen *1107 property. Washburn, 683 So.2d at 534.[1] We understand Judge Pariente’s concerns regarding the possibility that the instruction may constitute an impermissible comment on the evidence when the defendant provides the jury with a reasonable explanation for his possession of recently stolen property, but in the instant case the defendant did not advance a credible explanation for his possession of the victim’s trailer. As a result, the Washburn dissent does not afford the defendant any support for his claim of error.
As for the defendant’s second claim of error, at the sentencing hearing the victim testified regarding his request for restitution. In this regard, he testified that he incurred $5,395 in costs associated with the defendant’s crime. The victim included in this calculation a cost of $500 which he claimed to have incurred for gas and time spent searching for the trailer. When questioned regarding this portion of his claim, the victim stated:
All I did was do a rough estimate. I did a lot of travel, a lot of looking, and a lot of time was spent just — they were rides, but they were still — that was still an expense, looking for the trailer.
At the conclusion of the hearing, the trial court awarded the victim his claim for $5,395 in restitution, including the $500 “rough estimate” for gas and time.
Section 775.089, Florida Statutes (1995), provides that the trial court shall order a criminal defendant to make restitution to the victim for “[d]amage or loss caused directly or indirectly by the defendant’s offense”. Such compensable damages include a victim’s reasonable investigative costs. Glaubius v. State, 688 So.2d 913 (Fla.1997). However, the state has the burden of demonstrating by a preponderance of the evidence the amount of the victim’s loss. Here, the state failed to meet its burden because the state presented no competent evidence of the victim’s expenditure of time and money in locating the trailer. Instead, the state presented only the victim’s “rough estimate.” Accordingly, this portion of the restitution order must be stricken. See Tullis v. State, 692 So.2d 229 (Fla. 1st DCA 1997).
JUDGMENT and SENTENCE AFFIRMED, RESTITUTION ORDER STRICKEN in part.
DAUKSCH and W. SHARP, JJ., concur.

. This concern was shared by Judge Ervin in his dissent in Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), rev. denied, 402 So.2d 611 (Fla.1981).