853 So.2d 498 (2003)
Darryl WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1823.
District Court of Appeal of Florida, First District.
July 30, 2003.
Nancy A. Daniels, Public Defender; M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
In this appeal from a conviction of burglary of a dwelling, the appellant asserts *499 that the trial court did not have the discretion to instruct the jury, over defense objection, that it could infer a guilty conscience from the appellant's unexplained possession of recently stolen items. In support, the appellant relies on this Court's statement in Weddell v. State, 780 So.2d 324, 324 (Fla. 1st DCA), rev. granted, 796 So.2d 539 (Fla.2001), rev. dismissed, 813 So.2d 67 (Fla.2002), that "we can think of no valid policy reason why a trial judge should be permitted to comment on evidence of possession of recently stolen property as opposed to any other evidence adduced at trial."
Although in Weddell we both certified the question as being of great public importance and expressed, in dicta, our continued concern over the reading of this instruction, we did not hold that such instruction was impermissible. In fact, we could not so hold in light of the Florida Supreme Court's specific ruling to the contrary in State v. Young, 217 So.2d 567, 571 (Fla.1968), cert. denied 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969). See Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973).
In State v. Young, the Supreme Court reasoned that evidence of any incriminating circumstance such as flight, concealment, resistance to a lawful arrest, etc., could be considered by the jury as tending to show guilt if evidence thereof was allowed to go to the jury unexplained. 217 So.2d at 571. Following this reasoning, the Supreme Court held that an instruction on inferences arising from proof of unexplained possession of recently stolen items did not violate a defendant's right to remain silent or impermissibly shift the burden of proof. See id. Therefore, until such time as the Supreme Court revisits this issue, the law in Florida remains that such instruction is permissible. Id. Thus, the trial court's reading thereof was not an abuse of discretion, and the appellant's conviction is affirmed.
While State v. Young remains the law on inferences arising from unexplained possession of recently stolen items, the Supreme Court's position on what constitutes an impermissible comment on the evidence has changed since that case was decided. For example, in Whitfield v. State, 452 So.2d 548, 549 (Fla.1984), the Supreme Court held that a trial court could not inform a jury that it could infer guilty conscience from the fact that a defendant refused to submit to fingerprinting without impermissibly commenting on the evidence. 452 So.2d at 549. In reaching this conclusion, the Whitfield Court warned that a trial court should "scrupulously avoid commenting on the evidence in a case," and that, especially in criminal cases, "the trial court should take great care not to intimate to the jury the court's opinion as to the weight, character, or credibility of any evidence adduced." 452 So.2d at 549(emphasis added).[1]
Whitfield's warnings notwithstanding, the Supreme Court found no error at that time in a trial court's reading of the then-standard instruction that inconsistent exculpatory statements could be used to affirmatively show consciousness of guilt and unlawful intent. See Johnson v. State, 465 So.2d 499 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 186, 88 L.Ed.2d 155 (1985). Only ten years later, however, the Supreme Court overruled Johnson on its own motion, concluding that the instruction should no longer be given because it did in fact *500 constitute a judicial comment on the evidence. See In re Instructions in Criminal Cases, 652 So.2d 814, 814-15 (Fla. 1995).
Further, as was pointed out by then-Judge Pariente in her dissent in Washburn v. State, 683 So.2d 533 (Fla. 4th DCA 1996), the Supreme Court specifically compared evidence of flight to evidence of unexplained possession of recently stolen items in State v. Young, and found that a guilty conscience could be inferred from either. 217 So.2d at 571. The Supreme Court, however, diverged from that finding in 1992, holding that the flight instruction could no longer be given because it also constitutes comment on the evidence. See Fenelon v. State, 594 So.2d 292, 294 (Fla. 1992).
We once again state that we can think of no valid policy reason why a judge should be allowed to comment on evidence of unexplained possession of recently stolen items any more than the judge is allowed to comment on other evidence adduced at trial.[2] Because this issue is continually recurring, and because the case law that has emerged since State v. Young evidences a significant divergence from the reasoning supporting the holding therein, we again certify as a question of great public importance:
IS THE FLORIDA STANDARD JURY INSTRUCTION ON "POSSESSION OF PROPERTY RECENTLY STOLEN" AN IMPERMISSIBLE COMMENT ON THE EVIDENCE?
AFFIRMED; QUESTION CERTIFIED.
KAHN and WEBSTER, JJ., CONCUR.
NOTES
[1] Whitfield v. State, 452 So.2d 548, 549 (Fla. 1984), has been interpreted by the Fifth District as also precluding an instruction on inferences arising from a D.U.I. defendant's refusal to submit to a breathalyzer. See Edwards v. State, 603 So.2d 89, 91 (Fla. 5th DCA 1992).
[2] For these purposes, it does not matter whether the challenged instruction was drafted by the judge or lifted directly from the standard jury instructions. See, e.g., Barfield v. State, 613 So.2d 507, 507 (Fla. 1st DCA 1993).