647 So.2d 1021 (1994)
Michael SINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2274.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges his conviction for resisting a law enforcement officer without violence and obstructing an officer without violence on the ground that the trial court erred in admitting his post arrest comment while in the back of the officer's squad car. We agree that the comment's prejudicial effect outweighed any limited relevance.
When an acquaintance of appellant was stopped by a police officer in the parking lot of the bar where both had been drinking, appellant approached the officer demanding to know what was going on. The officer ordered appellant to leave, as he was interfering with the officer's duties. Appellant was not content to back down, continued to yell at the officer, and began to approach the officer. The officer broke off his dealings with the acquaintance and moved toward appellant, telling him that the officer would have to arrest him. The officer recounted that appellant had his fist clenched by his side and said, "I'm a Vietnam veteran and you don't know what I know." A scuffle between the two ensued, leaving appellant handcuffed and eventually in the back of the police car. On the way to the police station, appellant was irate. Over defense counsel's objection at trial, the officer repeated appellant's words, "When I get out, f____ the judge, f____ the jury. I'll just blow your head off."
Appellant contends that the statement does not prove any element of the offense, and we agree. The state argues that there is relevance to his defense that he was not the instigator of the scuffle but was a passive person. Even if it could be considered marginally relevant for this purpose, its prejudicial impact far outweighs its probative force. See Shorter v. State, 532 So.2d 1110 (Fla. 3d DCA 1988). This statement constituted not only a threat to the officer but evinced a threat to and disrespect for both the judge and jury.
We cannot conclude that this error was harmless. The case was one of credibility, as *1022 the prosecutor in his closing argument admitted. The introduction of such prejudicial, irrelevant evidence could have swayed the jury.
Appellant also charges that, in any event, he should have been entitled to a judgment of acquittal on both counts under City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), as he only engaged in speech which is constitutionally protected. We hold that he was not entitled to discharge based on Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA 1990).
We find no reversible error in the remaining points.
Reversed and remanded for a new trial.
GLICKSTEIN and WARNER, JJ., concur.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I would affirm appellant's conviction. To be sure, the statement allegedly made by the appellant after his arrest and while in custody was prejudicial. (Most evidence offered by the opposing party is prejudicial to the party seeking to exclude it; the test is whether it is impermissibly prejudicial, where, as the majority has determined here, the prejudicial effect outweighs its probative value.) I disagree that it was irrelevant. The state correctly demonstrates that it bears on defendant's contention at trial that he was being passive and nonaggressive in his initial encounter with Officer Caron. While no one would disagree that the words used are offensive and might have "inflamed the passions of the jury," I believe the trial judge was in the better position to determine whether the otherwise relevant statement should be excluded because of its possible prejudicial effect. He declined to do so. I would affirm.