WARNER, Judge.
During appellant’s trial for battery on a law enforcement officer, the trial court admitted statements that appellant made after his arrest while being transported to the police station for booking. In those statements, appellant threatened to kill the arresting officers when he got out of jail. Appellant claims that the trial court erred in admitting the statements. Based upon the facts of this case, the trial court did not abuse its discretion. Therefore, we affirm.
While appellant was being arrested, according to the testimony of the officers on the scene, he claimed that he was being arrested for no reason and that the arrest was racially motivated. Appellant then battered one of the officers by kicking him in the leg twice. The officers then hobbled appellant with a nylon cord and placed him in the back of the patrol car. On the way to the station, appellant complained that his wrists were hurting him, and his handcuffs were loosened. Appellant made the statements that when he got out of jail, he would kill the officers.[1]
To obtain a conviction for battery of a law enforcement officer, the state must prove that the accused had the specific intent to knowingly batter a law enforcement officer. § 784.07, Fla. Stat. (1995); Miller v. State, 636 So.2d 144, 150 (Fla. 1st DCA 1994). Appellant’s defense at trial was that the kicking was an accident. Thus, the state was permitted to present relevant evidence to show that appellant’s act of kicking the officer was knowing and intentional. Contrary to the testimony of the officers, appellant claimed that he was yelling during the arrest only because his arm was in pain. The statements prior to the battery, in which he claimed that he was being arrested for no reason, and the statements in the patrol car both tend to prove appellant’s intentional *611 aggression toward the officers. His anger supplied the motive for his striking the officer and refutes his contention that he was passive and not the instigator of the incident.
Singer v. State, 647 So.2d 1021 (Fla. 4th DCA 1994), in which we held that the admission of similar statements made by the defendant while being transported to jail was harmful error, is distinguishable. In Singer, the appellant was charged only with resisting an officer without violence, which is not a specific intent crime. See § 843.02, Fla. Stat. (1995). Stanley v. State, 648 So.2d 1268 (Fla. 4th DCA 1995), is likewise distinguishable as the testimony at issue in that ease, that defendant was belligerent, was irrelevant to the elements of the crimes charged. While appellant claims that the statements were more prejudicial than probative, and the issue in this case is close, we cannot say that the trial court abused its discretion in admitting the statements. See State v. McClain, 525 So.2d 420, 422 (Fla.1988). We therefore affirm appellant’s conviction. We also affirm as to the issue raised with respect to appellant’s sentencing.
FARMER and PARIENTE, JJ., concur.

. Appellant also claims that the admission of his statement was prejudicial because he was quoted as saying he would kill "white cops,” thus interjecting racial issues. However, the officers had already testified that the appellant had maintained that his arrest was racially motivated. Furthermore, we find the cases relied upon by appellant on this point distinguishable in that all of them involved comments by the prosecutor which injected race into the proceedings. See Robinson v. State, 520 So.2d 1 (Fla.1988) (prosecutor’s improper cross-examination of expert during penalty phase was deliberate attempt to insinuate that defendant had a habit of preying on white women); Perez v. State, 689 So.2d 306 (Fla. 3d DCA 1997) (in a case involving an in-prison melee, prosecutor injected race into proceedings without any evidence that race had contributed to the incident and also referred to defendants as the "type” of people who think along racial lines — i.e., racists); Reynolds v. State, 580 So.2d 254 (Fla. 1st DCA 1991) (prosecutor's references to race throughout entire trial of black male defendant for sexual battery of white female victim amounted to fundamental error).