CONNER, J.
 

 Raymond Coleman appeals his conviction for resisting an officer with violence, claiming the trial court abused its discretion in denying his motion in limine to preclude allegedly prejudicial statements he made at a hospital subsequent to his arrest. We affirm, finding the trial court committed no error.
 

 On August 29, 2007, five law enforcement officers conducted a traffic stop on Coleman’s vehicle. A random vehicle tag check revealed the registration information associated with the tag did not match the vehicle. After a short chase, Coleman stopped his vehicle. All the officers exited their vehicles and at least three drew their guns. The officers ordered both Coleman and a passenger to exit the vehicle. The passenger complied, but Coleman refused. One of the officers opened the driver’s side door and ordered Coleman to get out and put his hands up. Coleman was cursing at the officers to leave him alone, and he did not comply with their commands. Coleman resisted the officers’ attempts to forcibly remove him from the car and began to fight the officers. He continued to fight until tased, whereupon Coleman fell to the ground and an officer was able to handcuff him. At that point, Coleman was no longer being physically combative, but he continued to be verbally assaultive. Coleman was taken to a hospital to have the taser probes removed. While at the hospital, Coleman made additional threats, as testified by Deputy Hickox:
 

 He said as soon as he gets out he is going to kill myself and my family, and that he was going to find out where we lived, kill us. He made threats to Special Agent Roadruck and other law enforcement.
 

 And he also said that when he got out he was going to hide in the bushes and shoot and kill a police officer as they drove by in their car.
 

 Agent Roadruck testified similarly:
 

 As I said, [threats] continued from the time that we placed handcuffs on him, to
 
 *371
 
 the time we eventually placed him in jail. At the hospital he made numerous threats to us again, to other law enforcement officers.
 

 You know, he said as soon as he gets bailed out he is going to make law enforcement officers pay for what had happened, meaning the taser, and, you know, again threatened, you know, to go kill us, kill our family.
 

 Coleman also told Agent Roadruck that “he hates white people.”
 

 Coleman was charged with resisting an officer with violence and with two counts of battery on a law enforcement officer. Coleman’s counsel made a motion in limine seeking to exclude the statements Coleman made after he was arrested and placed in handcuffs under section 90.403, Florida Statutes (1976). He argued the statements were not relevant because they were not probative, occurred after the fact, and were highly prejudicial. The State countered that the statements were relevant to Coleman’s mental state when he was committing the charged offenses, because they go to his intent at the time of the incident. When the trial court inquired how Coleman’s statement that “he hates white people” was relevant, the prosecutor responded that Coleman engaged in an altercation with four white or Latino officers, so the statement was very probative as to the intent element of this case. The trial court granted in part and denied in part Coleman’s motion in limine, excluding some statements but allowing those set forth above. Coleman was convicted of resisting an officer with violence and acquitted on the battery on law enforcement officer charges.
 

 “We review the trial court’s denial of the motion in limine for an abuse of discretion.”
 
 Mackey v. State,
 
 55 So.3d 606, 609 (Fla. 4th DCA 2011). Further, “[wjhere a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion.”
 
 Johnson v. State,
 
 40 So.3d 883, 886 (Fla. 4th DCA 2010) (citation and internal quotation marks omitted).
 

 The crimes with which Coleman was charged are specific-intent crimes, requiring the State to prove Coleman intended to touch or strike the officers or to knowingly resist them. The State was also required to prove Coleman knew the persons he struck and resisted were in fact law enforcement officers. However, Coleman argues the threats were too remote to be probative because they took place well over an hour after Mr. Coleman had been handcuffed. It is not entirely clear whether the statement “he hates white people” was made at the hospital or at the scene of his arrest. Even if all of the statements were made at the hospital, they were probative to reveal to the jury Coleman’s intent to harm law enforcement officers.
 

 Coleman relies on
 
 Lavin v. State,
 
 754 So.2d 784 (Fla. 3d DCA 2000) and
 
 Singer v. State,
 
 647 So.2d 1021 (Fla. 4th DCA 1994), both of which involve threats against law enforcement officers that were held irrelevant and inadmissible. We find both cases distinguishable. In
 
 Lavin,
 
 the defendant was not charged with crimes against a law enforcement officer. In
 
 Singer,
 
 the defendant was charged with resisting and obstructing an officer
 
 without
 
 violence.
 
 [1]
 
 We view
 
 Pate v. State,
 
 698 So.2d 609 (Fla. 4th DCA 1997) to be more on point. In
 
 Pate,
 
 the defendant was charged with battery on a law enforcement
 
 *372
 
 officer. While he was in the patrol car being transported to the jail, the defendant made threats to kill the arresting officers when he got out of jail.
 
 Id.
 
 at 610. He also stated he would kill “white cops.”
 
 Id.
 
 at 610 n. 1. This Court held that the statements were relevant to show the acts of aggression against the officers were intentional.
 
 Id.
 
 at 610-11. We find
 
 Pate
 
 indistinguishable from the instant case. While we agree generally that threats toward law enforcement officers are prejudicial when presented to a jury, they are not so prejudicial as to substantially outweigh their probative value and be unfairly prejudicial under the facts of this case. Therefore, we hold the trial court did not abuse its discretion.
 

 Affirmed.
 

 MAY, C.J., and DAMOORGIAN, J., concur.
 

 [1]
 

 . Resisting an officer with violence is a specific intent crime, whereas resisting and obstructing an officer without violence is not a specific intent crime.