DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAN EDWARD CRAMER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2979

[ May 18, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin L. Rosenberg, Judge; L.T. Case No. 502013CF005182A.

James L. Eisenberg and Kai Li Aloe Fouts of Eisenberg & Fouts, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Alan Cramer appeals his conviction and sentence for aggravated assault with a firearm and shooting into a building. He argues the trial court abused its discretion in denying his Motion for Mistrial based on the State's improper comment during closing argument and in admitting certain jail call recordings. Because we find the trial court erred in admitting the jail call recordings, we reverse.

After an altercation with Jessica Leder, hitting her with his car, and shooting into her house, Cramer was charged with aggravated assault with a firearm, felon in possession of a firearm, and shooting into a building. At trial, the State introduced eleven statements made by Cramer in jail call recordings. Cramer argues the trial court erred in admitting the following three statements because they were extremely inflammatory and any probative value was substantially outweighed by their highly prejudicial effect.

"I don't give a f---. What are they gonna do? Play it in court? F--- the judge; f--- all these mother-f---ers. F---ed up, huh? F--- the judge, I don't even want to—I'm tired of all this sh--, man."

"That whole plan with fire when I beat this bi--- better evacuate—evacuate from this city, that's on my momma."

"These people are going to have to take my life in this courtroom because if I get out (laughs) people better evacuate."

In *Singer v. State*, 647 So. 2d 1021 (Fla. 4th DCA 1994), we considered whether the probative value of a statement made by the defendant was substantially outweighed by the risk of substantial prejudice. After being arrested, on the way to the police station, the defendant said, "When I get out, f--- the judge, f--- the jury. I'll just blow your head off." *Id.* at 1021. The trial court admitted the statement over the defendant's objection. On appeal, the defendant argued the statement did not prove any element of the offense. We agreed and reversed, finding the statement was not harmless error because it "constituted not only a threat to the officer but evinced a threat to and disrespect for both the judge and jury." *Id.*

Here, like in *Singer*, Cramer argues the statements made did not prove any element of the offenses charged. The State argues that Cramer's statements in the jail call recordings show that he was attempting to evade prosecution by offering to pay the victims not to testify. However, the statements do not mention paying off the victims at all. These statements are similar to the ones made in *Singer* in that they "evinced a threat to and disrespect for both the judge and jury." Any negligible relevance of the statements was substantially outweighed by their prejudicial effect. Therefore, because the offending statements were improperly admitted into evidence and we cannot say there is no reasonable possibility they did not contribute to the verdict, we reverse and remand for a new trial.[1]

*Reversed and remanded for a new trial.*

GERBER and LEVINE, JJ., concur.

---

[1] *See State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986) ("The harmless error test . . . places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.").

*          *          *

*Not final until disposition of timely filed motion for rehearing.*