520 So.2d 680 (1988)
Sammy STINSON, Appellant,
v.
STATE of Florida, Appellee.
No. BS-191.
District Court of Appeal of Florida, First District.
March 1, 1988.
Michael E. Allen, Public Defender and Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Public Defender, Tallahassee, for appellee.
PER CURIAM.
Appellant objects to two sentences of seven years each as being in excess of the statutory maximum of five years for third degree felonies. See Section 775.082(3)(d), Florida Statutes. The state in its answer *681 brief acknowledges the sentencing error. We reverse.
Appellant was convicted of two counts of aggravated assault with a deadly weapon, a third degree felony. See Section 784.021, Florida Statutes. The offense for which appellant was convicted cannot be enhanced from a third degree felony to a second degree felony, under the theory that the firearm was used in the commission of the offense, because possession of a weapon is an essential element of aggravated assault with a deadly weapon. See Section 775.087(1)(c), Florida Statutes, and Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983).
The sentences in excess of the statutory maximum are reversed and on remand the trial court is directed to sentence the appellant to sentences not exceeding the statutory maximum for a third degree felony.
SMITH, C.J., and ERVIN and NIMMONS, JJ., concur.