PER CURIAM.
This court previously granted by unpublished order Timothy Holloway’s petition for writ of habeas corpus. Our reasons for doing so are as follows.
Linda Franklin obtained an injunction against domestic violence, with Holloway as the named defendant. After issuing an order to show cause and holding a hearing, the trial court found that Holloway violated the injunction and that he was in indirect criminal contempt of court.[1] Holloway was sentenced to 179 days in the county jail, and it was specifically ordered that he was to receive no “good or gain time” as provided for by section 951.21, Florida Statutes (1993).
Thereafter petitioner filed a Rule 3.800 motion to correct illegal sentence in the trial court, arguing that the sentencing judge was without authority to bar the award of good and gain time. Van Tassel v. Coffman, 486 So.2d 528 (Fla.1985); Stinson v. State, 520 So.2d 680 (Fla. 1st DCA 1988); Prangler v. State, 470 So.2d 105 (Fla. 2d DCA 1985). When petitioner’s 3.800 motion was denied, he petitioned this court for a writ of habeas corpus.[2]
This court recently addressed the exact question presented here and determined that the sentencing court does not have the authority to preclude the defendant from receiving gain time or any other form of early release credit when imposing a sentence for contempt. George v. State, 651 So.2d 180 (Fla. 1st DCA 1995); see also A.A. v. Rolle, 604 So.2d 813, 815 (Fla.1992) (sanctions to be imposed in punishing for contempt may properly be limited by statute). Accordingly, the petition was granted and that portion of the trial court’s sentencing order which provides that Holloway shall not be entitled to good and gain time was quashed.
PETITION GRANTED.
ERVIN, JOANOS and LAWRENCE, JJ., concur.

. Although the record as presented in petitioner's appendix is not complete, it appears the violations occurred prior to July 1, 1994, and therefore the matter was properly treated as one in contempt rather than as a misdemeanor. See §§ 741.2901(2) and .31, Fla.Stat. (Supp.1994); In re Report of the Commission on Family Courts, 646 So.2d 178, 180 (Fla.1994).

. The order denying motion to correct illegal sentence was appealable but, as petitioner showed entitlement to immediate release if he prevailed, this court considered the petition on its merits.