PER CURIAM.
Tullis raises three issues in this direct appeal from his conviction and sentence for aggravated assault. We affirm on issue one without discussion.
Appellant claims in his second issue that the restitution order must be vacated. We agree and reverse. Glaubius v. State, 688 So.2d 913 (Fla.1997)(staüng that state’s evidence for demonstrating amount of loss sustained by victim “must be established through more than mere speculation; it must be based on competent evidence”). At the hearing, the victim offered a “guesstimate” of the cost of repairs to the wall and office door damaged by the bullet appellant fired, but he admitted that there was no basis for this estimate. Accordingly, the order of restitution is stricken. On remand, the trial court should conduct a new evidentiary hearing on restitution.
We also remand on appellant’s third issue. The offense of aggravated assault with a firearm cannot be reclassified to a second degree felony because use of a firearm is an essential element of the offense. Harrelson v. State, 624 So.2d 828 (Fla. 1st *230 DCA 1993); Ellison v. State, 538 So.2d 90 (Fla. 1st DCA 1989); Stinson v. State, 520 So.2d 680 (Fla. 1st DCA 1988). Although appellant’s guidelines seoresheet shows that aggravated assault was calculated correctly as a third degree felony, the judgment reflects conviction of aggravated assault as a second degree felony, enhanced by section 775.087, Florida Statutes. As the state concedes, the judgment must be corrected.
Accordingly, appellant’s judgment and sentence are affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
MINER, ALLEN and PADOVANO, JJ., concur.