722 So.2d 873 (1998)
Terrence T. FISHER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2560.
District Court of Appeal of Florida, First District.
November 20, 1998.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Terrence E. Fisher was convicted of burglary and dealing in stolen property and appeals a portion of the order entered by the trial court that he pay restitution in the total amount of $4,614. He seeks review of only that part of the restitution order related to the value of jewelry he took during the burglary. We reverse and remand for a new restitution hearing only as to that part of the order.
At the restitution hearing, the victim testified that she had lost a computer, some jewelry and some business records that she had to reconstruct. On direct examination, she testified that she valued her lost jewelry at $2714 and that her insurance company covered $1000 of this loss. On cross-examination, she testified that three containers of jewelry were taken but she could not describe many of the pieces that were lost because she did not have her insurance inventory sheet with her at the hearing. She was able only to give an estimated value of four pieces of jewelry which she described and valued at $510. Appellant argues that there was insufficient evidence of value of any more than the $510 to which the victim *874 specifically testified during the hearing. We agree.
When the amount of restitution is disputed, the State has the burden of proof at the restitution hearing, but is held only to a preponderance of the evidence standard. § 775.089(7), Fla.Stat. (1997). In a case such as this, where some items of jewelry were identified and a value placed on them, where other items of jewelry were identified but no value placed on them, and where other jewelry was not identified at all, the State must produce some specific evidence or testimony as to the nature and value of the pieces claimed to have been taken.
While the owner of property is generally determined to be competent to testify as to the value of lost property, State v. Hawthorne, 573 So.2d 330, 332 (Fla.1991), basic fairness seems to dictate that the owner should be required, at a minimum, to identify what property has been lost so that the trier of fact may reasonably determine the value of the stolen items. In this case, the victim's loss, save those items she specifically identified, could be characterized as "one quantity of jewelry, various pieces, worth $2,204." More specific evidence was apparently available, which evidence could and should have been presented by the State. While there is some case law extant that would permit this court in its discretion to reduce the amount of restitution for the lost jewelry to the amount for which there was competent substantial evidence, see Moore v. State, 664 So.2d 343 (Fla. 5th DCA 1995), we opt instead to reverse and remand so that a new restitution hearing regarding the value of the jewelry can be held. See Tullis v. State, 692 So.2d 229 (Fla. 1st DCA 1997); Smith v. State, 651 So.2d 1218, 1219 (Fla. 2d DCA 1995); C.S. v. State, 617 So.2d 863 (Fla. 1st DCA 1993).
Reversed and remanded for further proceedings consistent with this opinion.
MINER, WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.