PER CURIAM.
Allen Harrell Hunter appeals his conviction and sentence for burglary of a dwelling and grand theft and the amount of restitution awarded to the victim. We affirm the conviction without discussion, and reverse on the issue of restitution.
Hunter was charged with burglary of a dwelling and grand theft in connection with a break-in at the victim’s residence. Several items were taken from the home: jewelry, a laptop computer, a handgun, and a piece of luggage. At Hunter’s sentencing hearing, the victim sought twenty thousand dollars in restitution. When the court inquired as to how the victim arrived at this figure, she stated:
*175 The amount of money that I came up with was based on my research that I took the time to do, to find even pieces that was [sic] even slightly resembling what I lost. And the value that I placed on each one was fair. And then my alarm system cost me $1000 and the repair to my home cost me another thousand. So the eighteen thousand is where I find the value in my list [of] possessions. And the other two thousand was in repair and upgrading of my home so I wouldn’t be victimized again.
During her direct testimony, the victim stated that she purchased her laptop and accessories for approximately $1500 in 2003. She purchased the firearm for $379 several months prior to the burglary, and the piece of luggage for $39 in February 2005. The victim also testified that she had purchased a twenty-four inch strand of pearls in 2001 for $2500 and a large cubic zirconia ring in 2004 for $350. Based on the victim’s testimony, the trial court ordered restitution in the amount of $12,500. Hunter objected to the award and contends that the award is not supported by substantial, competent evidence. We agree.
A trial court’s restitution order is reviewed under an abuse of discretion standard. Wolff v. State, 981 So.2d 651, 653 (Fla. 4th DCA 2008) (quoting Bennett v. State, 944 So.2d 524 (Fla. 4th DCA 2006)). Restitution must be proved by substantial, competent evidence and this evidence must be greater than mere speculation. Id. (citations omitted). “A victim’s testimony, without documentation, is not enough to support an award of restitution.” Id. (citations omitted).
Section 775.089, Florida Statutes, permits a trial court to order a defendant to make restitution for damages or losses caused by the defendant’s offense. § 775.089(l)(a), Fla. Stat. (2008). The state bears the burden of proving by the preponderance of the evidence the loss sustained by the victim as a result of the offense. § 775.089(7), Fla. Stat. (2008); Davis v. State, 707 So.2d 842, 843 (Fla. 2d DCA 1998).
The trial court erred in awarding $12,500 in restitution for the following reasons. First, the victim testified that she paid $1000 for repairs to her home, but did not indicate what repairs were actually performed. See Tullis v. State, 692 So.2d 229, 229 (Fla. 1st DCA 1997) (striking a restitution order based on the victim’s offer of a “guesstimate” as to the cost of repairs).
Second, the court did not specify the value it was assigning to the laptop, piece of luggage, or handgun. In State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991), the Florida Supreme Court held that fair market value should be used to determine the amount of restitution in most instances. Courts should rely on four factors to ascertain fair market value: “(1) original market cost; (2) the manner in which the item was used; (3) the general condition and quality of the item; and (4) the percentage of depreciation.” Hawthorne, 573 So.2d at 332. In the instant case, the only testimony presented regarding the value of the laptop, luggage, and handgun was the original purchase price. As the items were purchased several years prior to the burglary, the court should have taken depreciation into account.
The victim also failed to identify all of the jewelry that had been taken from her home. “[B]asic fairness seems to dictate that the owner should be required, at a minimum, to identify what property has been lost so that the trier of fact may reasonably determine the value of the stolen items.” Fisher v. State, 722 So.2d 873, 874 (Fla. 1st DCA 1998). In Fisher, the court reversed a restitution award for stolen jewelry because the owner was unable *176 to identify all the property she had lost. Id. While three containers of jewelry had been taken, the owner was able to give an estimated value for only four pieces of jewelry. Id. at 873. The court stated that
where some items of jewelry were identified and a value placed on them, where other items of jewelry were identified but no value placed on them, and where other jewelry was not identified at all, the State must produce some specific evidence or testimony as to the nature and value of the pieces claimed to have been taken.
Id. at 874.
Finally, the victim testified that her mother had given her a ruby and diamond ring and told her that she had paid $3500 for it. Hearsay testimony is insufficient to establish the value of property for restitution purposes. See Aboyoun v. State, 842 So.2d 238, 239 (Fla. 2d DCA 2003). In Aboyoun, the victim testified that he had received four gold necklaces as a gift from his parents and that they had told him the amount they paid for the items. Id. The court, however, found the testimony did not adequately establish the value of the jewelry, and reversed the restitution order. See id. at 240.
The trial court erred in establishing the amount of restitution because the victim could not identify all of the items that had been taken, relied on hearsay evidence to establish value, and failed to take into account depreciation. Accordingly, we reverse the order of restitution and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

TAYLOR, HAZOURI and CIKLIN, JJ„ concur.