CRISTINA TARANTOLA, M.D., (INCORRECTLY SET FORTH AS CHRISTINA TARANTOLA, M.D.),

      Appellant,

v.

WILLIAM B. HENGHOLD, M.D, P.A.,

      Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3718

Opinion filed March 7, 2017.

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

Todd M. Ladouceur, Jessica L. Scholl, and Chris K. Ritchie of Galloway, Johnson, Tompkins, Burr & Smith, P.L.C., Pensacola, for Appellant.

Jeremy C. Branning, Daniel E. Harrell, and Andrew M. Spencer of Clark Partington, Pensacola, for Appellee.

JAY, J.

      In this appeal from an order granting a temporary injunction pursuant to a covenant not to compete, we affirm in all respects except as to appellant's claim that the trial court misconstrued the covenant as prohibiting appellant from "practicing dermatological medicine including Mohs surgery." We conclude that the injunction

is overly broad insofar as it can be construed as prohibiting appellant from practicing general dermatology unrelated to Mohs surgery.

Appellant entered into an employment contract containing a covenant not to compete that restricted her from "[d]irectly or indirectly rendering medical services that include performing Mohs surgery in any capacity for Employee's own account or for others."  After appellant left her employment, her employer filed a complaint for injunctive relief and breach of contract alleging that appellant violated the covenant not to compete. In its order granting a temporary injunction, the trial court interpreted "medical services" to "encompass all dermatological services including Mohs surgery." This appeal followed.

In evaluating "employment agreements, as with all contracts, courts must apply the 'most commonly understood meaning with regard to the subject matter and circumstances of the contract.'" DePuy Orthopaedics, Inc. v. Waxman, 95 So. 3d 928, 934 (Fla. 1st DCA 2012) (citation omitted). This requires construing the pertinent language "in accordance with the plain meaning of the words contained" in the agreement. Ferreira v. Home Depot/Sedgwick CMS, 12 So. 3d 866, 868 (Fla. 1st DCA 2009). Here, the contractual term "medical services" is modified by the restrictive clause "that include performing Mohs surgery."  Barnhart v. Thomas, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) ("[A] limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately

2

follows."). Based on this language, appellant is clearly restricted from providing medical services that involve the provision of Mohs surgery. This restriction applies not only to performing Mohs surgery, but also to any pre-operative and post-operative medical services associated with this type of surgery. However, it would not prohibit appellant from practicing general dermatology provided that her dermatology practice does not encompass services that directly or indirectly relate to the provision of Mohs surgery.

As written, the trial court's temporary injunction generally restricts appellant from practicing "dermatological medicine" because the participial phrase "including Mohs surgery" is not one of limitation. See *Include*, Black's Law Dictionary (10th ed. 2014) ("The participle *including* typically indicates a partial list <the plaintiff asserted five tort claims, including slander and libel>. But some drafters use phrases such as *including without limitation* and *including but not limited to*—which mean the same thing."). Accordingly, we reverse the temporary injunction in part and remand with directions that the trial court narrow the injunction so that appellant is not prohibited from practicing general dermatology unrelated to Mohs surgery.

AFFIRMED in part; REVERSED in part; and REMANDED with directions. OSTERHAUS and WINSOR, JJ., CONCUR.