# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1050

_____

CRISTINA TARANTOLA, M.D.,

Appellant,

v.

WILLIAM B. HENGHOLD, M.D.,
P.A.,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

August 30, 2018

PER CURIAM.

Dr. Christina Tarantola appeals an order denying her motion to terminate a temporary injunction. This is her third appeal regarding a non-compete agreement she entered into as part of her employment with the Henghold Practice. We agree the trial court abused its discretion and reverse accordingly.

In *Tarantola I*, this Court concluded the temporary injunction was overly broad insofar as it could be construed as prohibiting Dr. Tarantola from practicing general dermatology, unrelated to restricted performance of Mohs surgery within a specified geographical area. The temporary injunction was reversed in part, and remanded with directions that the trial court narrow the

injunction. *Tarantola v. Henghold*, 214 So. 3d 726, 726-27 (Fla. 1st DCA 2017). Thereafter, in *Tarantola II*, Dr. Tarantola successfully sought certiorari review of an order holding her in civil contempt for violating the terms of the temporary injunction, specifically its ban on advertising. *Tarantola v. Henghold*, 233 So. 3d 508, 509 (Fla. 1st DCA 2017). This Court granted the petition finding Dr. Tarantola had not purposefully violated the advertising provision in the temporary injunction. *Id.* at 511. With respect to this case, Dr. Tarantola filed a motion with the trial court requesting the temporary injunction be terminated, claiming the two-year non-compete period had passed. The trial court disagreed, finding the two year period had tolled because Dr. Tarantola violated the covenant not to compete by launching a website purportedly advertising restricted activities. Dr. Tarantola appeals the denial.

Dr. Tarantola resigned from the Henghold Practice in March 2015. We are now over three years from the date of Dr. Tarantola's resignation, with a temporary injunction still in place to enforce a two-year agreement not to compete. The parties agree the two-year non-compete period was tolled because Dr. Tarantola was in violation of the agreement beginning in October 2015 through issuance of the temporary injunction and conditions in September 2016, due to her performance of Mohs surgery in the restricted area. However, Dr. Tarantola argues that even with the "tolling period" extension, the two-year non-compete period has ended, and the temporary injunction should be terminated. Henghold counters by claiming Dr. Tarantola was in further violation of the covenant not to compete beginning in May 2015 as a result of improper advertising through a website, which would extend the injunction at least an additional five months. The trial court properly framed the issue as, "whether or not the website Dr. Tarantola established and used in May of 2015 constitutes 'advertising or marketing activity.' If it does, then the temporary injunction should not be terminated. If it does not, the temporary injunction should be terminated either February 10, 2018 or thirty days after that date." Ultimately, the trial court determined the website did constitute "advertising or marketing activity" prohibited by the non-compete agreement and extended the injunction "at least an addition 134 days" from the date of the order denying Dr. Tarantola's motion.

We find the trial court abused its discretion in considering and relying upon the screenshots of the website as proof the website was in existence in May 2015. Henghold argues the screenshot of the website proves Dr. Tarantola improperly advertised. It further claims that despite a date stamp on the website screenshot of October 14, 2015, the website was actually launched in May 2015 without evidence to support this. Henghold attempts to correct this deficiency by pointing to May 2015 Facebook posts, which direct viewers to Dr. Tarantola's website. However, the Facebook posts do not show the website submitted to the trial court was the website in place at the time of the posts. Regardless, the screenshots purportedly showing Dr. Tarantola in violation of the agreement by improperly advertising were not introduced into evidence, but were attached to pleadings. The record is void of any evidence establishing the website's existence in May 2015, and any such finding is based on mere speculation. Accordingly, the trial court abused its discretion in its determination that the website existed in May 2015.

Nonetheless, even if evidence of record supported that the website existed in May 2015, we agree with Dr. Tarantola that the website did not constitute improper advertising or marketing in violation of the non-compete agreement. Dr. Tarantola describes herself on the website as "Mohs surgery and fellowship trained," but does not advertise availability and performance of Mohs-related services in the restricted area. It was not improper for Dr. Tarantola to provide biographical information on the website of her new medical practice, when additional advertising was not included. *See Tarantola II*, 233 So. 3d at 511 (finding Dr. Tarantola did not advertise Mohs-related services when biographical information was provided). The website provided information about Dr. Tarantola which would be expected of any resume or biographical summary.

The trial court added to its tolling calculation a thirty-day "wind down period." This period began upon the temporary injunction taking effect in September 2016 to allow Dr. Tarantola to complete any emergencies and allow patients in need of Mohs procedures to make other arrangements. We agree with the trial court that this thirty-day period should extend the time period under the non- compete agreement. *See Capelouto v. Orkin*

*Exterminating Co. of Fla. Inc.*, 183 So. 2d 532 (Fla. 1966). However, even considering this extension, the temporary injunction has now expired.

We reverse with instructions to vacate the order on appeal. In light of this disposition, we find the two-year non-compete period expired thirty days after February 10, 2018, and is, therefore, deemed concluded. This opinion should not be read as precluding Dr. Tarantola from argument that she was wrongfully enjoined from practicing general dermatology in the restricted geographical area.

REVERSED and REMANDED with directions.

LEWIS, MAKAR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Todd M. Ladouceur and Chris K. Ritchie of Galloway, Johnson, Tompkins, Burr & Smith, P.L.C., Pensacola, for Appellant.

Trevor A. Thompson of Clark Partington, Tallahassee; Jeremy C. Branning and Daniel E. Harrell of Clark Partington, Pensacola, for Appellee.