DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALTER BRUNO OLSON, JR.,**
Appellant,

v.

**CYNTHIA ANN OLSON,**
Appellee.

No. 4D18-1569

[November 14, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. 02-013483 (37).

Robert P. Bissonnette of Robert P. Bissonnette, P.A., Fort Lauderdale, for appellant.

No brief filed for appellee.

WARNER, J.

The former husband appeals a temporary injunction which freezes all of the former husband's assets and, particularly, an impending inheritance. Although no evidence was offered by the former wife in support of her petition, the trial court granted the motion, making unsupported factual findings based upon the former wife's attorney's statements to the court. We reverse the temporary injunction.

"[A] party seeking a temporary injunction must establish that (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest." *Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc.*, 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011).

Florida Rule of Civil Procedure 1.610(c) requires that "[e]very injunction shall specify the reasons for entry, [and] shall describe in reasonable detail the act or acts restrained without reference to a pleading or another

document . . . ." The trial court's order must contain "[c]lear, definite, and unequivocally sufficient factual findings [to] support each of the four conclusions necessary to justify entry of a preliminary injunction." *City of Jacksonville v. Naegele Outdoor Advert. Co.*, 634 So. 2d 750, 754 (Fla. 1st DCA 1994) (alterations added).

The former wife filed a motion for ex parte injunction to freeze the former husband's assets because she holds an unsatisfied judgment for alimony and child support. Although filed as an ex parte injunction, the motion was noticed for hearing at which the former husband and his attorney were present. The former wife presented no evidence but relied solely on the statements of her attorney, her verified motion for injunction, and its attachments. A verified motion, by itself, is inadequate to establish the necessary proof when there is a noticed and contested evidentiary hearing. *See Orkin Extermination Co. v. Tfank*, 766 So. 2d 318, 319-20 (Fla. 4th DCA 2000).

As we have said many times, the statements of an attorney are not evidence. We explained:

> [T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he [or she] must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.

*Smith v. Smith*, 64 So. 3d 169, 171 (Fla. 4th DCA 2011) (first alteration in original, second alteration added) (quoting *Leon Shaffer Golnick Advert., Inc. v. Cedar*, 423 So. 2d 1015, 1016-17 (Fla. 4th DCA 1982)).

Appellee has filed no brief in opposition, and that is well-advised as it is apparent from the trial transcript that no evidence supports the trial court's injunction order. We therefore reverse and remand for instructions to vacate the temporary injunction. Our reversal is without prejudice to renewing the request, although we express no opinion as to the merits of the issue or the appropriateness of injunctive relief.

DAMOORGIAN and CONNER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*