DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP G. MAVON, JR.** and **OMA JEAN MAVON,**
Appellants,

v.

**CITY OF FORT LAUDERDALE** and **SCOTT S. LIBERMAN,**
Appellees.

Nos. 4D20-1271 and 4D20-1486

[April 21, 2021]

Consolidated nonfinal appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE18-28446 (08).

Alan R. Poppe of Saul Ewing Arnstein & Lehr LLP, Fort Lauderdale, for appellants.

Brent M. Reitman of Liberman Cabrera Thompson & Reitman, PLLC, Fort Lauderdale, for appellee Scott S. Liberman.

PER CURIAM.

Appellants appeal a nonfinal order granting a temporary injunction that directs them to remove their boat from a boat lift pending trial. We reverse and remand for an evidentiary hearing.

It is well-settled that the party seeking injunctive relief must establish a factual basis to support the elements of a claim for injunctive relief. *Olson v. Olson*, 260 So. 3d 367, 369 (Fla. 4th DCA 2018). Thus, appellees, appellants' neighbors, had to present evidence to establish that: (1) irreparable injury will result if the injunction is not granted; (2) there is no adequate remedy at law; (3) the party has a clear legal right to the requested relief; and (4) the public interest will be served by the temporary injunction. *Id.* at 368–69.

As movants, appellees bore the burden of providing competent, substantial evidence to satisfy each element. *SunTrust Banks, Inc. v. Cauthon & McGuigan, PLC,* 78 So. 3d 709, 711 (Fla. 1st DCA 2012). To support their arguments during the hearings, appellees offered counsel's

arguments, administrative rulings regarding the boat lift, and photographs, none of which was sufficient *evidence* to meet that burden. *See Olson*, 260 So. 3d at 369 (concluding that statements of counsel along with a verified motion with attachments were inadequate to establish the requisite proof); *see also Tarantola v. Henghold*, 254 So. 3d 1110, 1112 (Fla. 1st DCA 2018) (concluding that screenshots of a website as proof that the website existed on a certain day to support injunctive relief were insufficient where screenshots were not entered into evidence).

Consequently, we reverse the temporary injunction and remand for the trial court to hold an evidentiary hearing and if appellees meet their burden, to enter an order with sufficient factual findings as required by Florida Rule of Civil Procedure 1.610.

*Reversed and remanded.*

WARNER, GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2