DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL LOVE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-129

[February 2, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 17-5819CF10A.

Carey Haughwout, Public Defender, and Breanna Atwood, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Michael Love was charged by information with one count of grand theft and two counts of unlawful filing of false documents against property. The jury found him guilty on all counts. He now appeals the trial court's order of restitution to the property's owner for her attorney's fees. We reverse and remand for a new restitution hearing because a portion of the restitution award was not supported by competent, substantial evidence.

At the jury trial, at which Love represented himself, the state presented the following evidence. Love responded to the owner's real estate listing and offered to purchase her property for $340,000.00 in cash. The owner accepted Love's offer, and they agreed to close on the property at Love's attorney's office. At the closing, the owner signed the necessary closing documents, including the buyer/seller agreement and warranty deed. Based on the terms of the agreement, the owner expected to be fully paid in cash for the property. However, once she signed these documents, Love gave her a promissory note instead of cash. After realizing that Love would not comply with the agreed upon terms of sale, the owner attempted to get

the signed warranty deed back from Love, but Love's attorney physically blocked her from doing so.

Love recorded the warranty deed later the same day, and the property was placed in Love's name. However, the deed was later determined to be defective due to a scrivener's error. This invalidated the transfer and created a cloud on the title that could only be cured by court order. As a result of the cloud on the title, the owner could not re-sell the property or rent it to a new tenant. For the next three years, she incurred various expenses related to the property, including property taxes and homeowners' association fees. As a result of these expenditures, the owner sustained financial losses and had to hire an attorney to quiet the title.

The jury convicted Love on all charges. Love later accepted the trial court's offer of counsel for the sentencing and restitution hearing. At that hearing, the State sought a sentence of twenty years in prison as a habitual felony offender, followed by ten years of probation, and requested restitution for the owner to cover lost rent, property taxes, homeowners' association fees, and attorney's fees. Love requested a downward departure under section 921.0026(e), Florida Statutes (2020), and although he argued the need for restitution outweighed the need for prison, he specifically objected to paying restitution for the owner's attorney's fees.

During the owner's testimony on the matter of fees, she claimed that she had paid her attorney $300.00 per hour. However, the State did not enter a copy of the retainer agreement into evidence, and the owner could not remember how many hours the attorney had expended while working to quiet the title to the property. The State claimed that the owner's attorney had testified at trial that the owner had paid him $7,905.89. However, other than his statement at trial that the owner had compensated him for his work, the record shows the attorney never suggested any specific figure or rate of payment in his trial testimony. Regardless, Love neither objected to, nor contested, the State's claim that the attorney had been paid $7,905.89.

The trial court denied the motion for a downward departure, then sentenced Love to approximately eight years in prison to be followed by ten years of probation. Although the trial judge declined to order restitution for three years of property taxes and homeowners' association fees paid by the owner, he ordered restitution for lost rent in the amount of $72,360.00 and for attorney's fees in the amount of $7,905.89, for a total of $80,265.89. This appeal followed.

"The trial court's determination of the amount of restitution is subject to an abuse of discretion standard of review." *Soriano v. State*, 968 So. 2d 112, 114 (Fla. 4th DCA 2007). The trial court abuses its discretion when its actions are "arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

Under Florida's restitution statute, the trial court must order restitution for "damage or loss caused directly or indirectly by the defendant's offense; and damage or loss related to the defendant's criminal episode," unless the trial court finds a compelling reason not to do so. § 775.089(1)(a), Fla. Stat. (2020). In *Livingston v. State*, 311 So. 3d 331, 333 (Fla. 2d DCA 2021), the Second District found that attorney's fees awarded in restitution do not have to be reasonable; they "are properly awardable . . . so long as they are causally connected to the crime."

"Restitution must be proved by substantial, competent evidence and this evidence must be greater than mere speculation." *Hunter v. State*, 48 So. 3d 174, 175 (Fla. 4th DCA 2010). The State bears the burden of proving, by the preponderance of the evidence, the loss sustained by the victim resulting from the offense. *See* § 775.089(7)(c), Fla. Stat. (2020).

Love argues the State provided insufficient evidence to support restitution for the owner's attorney's fees. As Love's counsel explained at the hearing:

> If this was a civil matter and the attorney was requesting for attorney's fees in the case where he was the party that had won the action, that attorney would also have to file an affidavit identifying the time and effort spent on the case . . . . [N]ot having that information, your Honor, is the only reason why we would make the objection to the entire amount of attorney fees. . . . [B]ecause there is no affidavit, there is no hourly fee determined here. There is no actual billable hour sheet showing what work the attorney did on the case and when he did it on the case. It just leaves us with a bitter hesitation as to the amount.

"Hearsay evidence may be used to determine the amount of restitution if there is no objection to the evidence." *Williams v. State*, 850 So. 2d 627, 628 (Fla. 2d DCA 2003); *see Toole v. State*, 270 So. 3d 371, 373–74 (Fla. 4th DCA 2019) (quoting *Phillips v. State*, 141 So. 3d 702, 705 (Fla. 4th DCA 2014)) ("[H]earsay evidence may not be used to determine the amount

of restitution when there is a proper objection by the defense to the hearsay evidence."). However, "the trial court may only allow hearsay having some minimal indicia of reliability to be injected into the [restitution] proceeding." *McKown v. State*, 46 So. 3d 174, 175 (Fla. 4th DCA 2010) (alteration in original) (quoting *Box v. State*, 993 So. 2d 135, 139 (Fla. 5th DCA 2008)). "[T]he statements of an attorney are not evidence." *Olson v. Olson*, 260 So. 3d 367, 369 (Fla. 4th DCA 2018).

Although a trial court may order restitution for attorney's fees under the restitution statute, the award must still be supported by substantial, competent evidence. *See Livingston*, 311 So. 3d at 333; *Hunter*, 48 So. 3d at 175. While the owner testified that she paid the attorney $300.00 per hour, the State failed to introduce any evidence relating to how many hours the attorney expended on matters for which restitution was proper. The owner's testimony, without further documentation or other evidence, was not enough to prove by a preponderance of the evidence that the requested amount of $7,905.89 for attorney's fees was an accurate for restitution purposes. *See Hunter*, 48 So. 3d at 175; *Boone v. State*, 112 So. 3d 676, 677 (Fla. 4th DCA 2013) (reversing restitution order in part because the amount of medical costs was supported only by the victim's testimony and was not corroborated with billing records); § 775.089(7)(c), Fla. Stat. (2020). Despite the State's claims that the owner's attorney testified at trial he was paid $7,905.89 for his work, this testimony does not appear in the trial or restitution hearing transcripts nor in the record from any other hearing. The State's statement is not evidence, and, even though Love did not object to the statement, the trial court erred in relying on it, without more, in awarding that amount for restitution. *See Olson*, 260 So. 3d at 369. Therefore, we reverse and remand for a new restitution hearing on the issue of the owner's request for reimbursement of her attorney's fees. *See Toole*, 270 So. 3d at 375 (remanding for a new restitution hearing when the amount of the restitution award was not supported by substantial, competent evidence).

*Reversed and remanded for a new restitution hearing.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4