# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-373
Lower Tribunal No. 16-DR-000706

_____

VICKI MACPHERSON,

Appellant,

v.

JOSEPH MACPHERSON,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Lisa S. Porter, Judge.

May 10, 2024

MIZE, J.

Appellant, Vicki MacPherson ("Former Wife"), appeals the trial court's Final Judgment of Dissolution of Marriage and raises a number of issues on appeal. We find error with respect to the issues set forth below and reverse the final judgment as to those issues. As to all other issues, we find no error and affirm without discussion.[1]

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

## Issues on Appeal

## I. The Necklace

Former Wife argues that the trial court erred when it distributed a necklace allegedly owned by the deceased brother of Appellee, Joseph MacPherson ("Former Husband"), to Former Husband despite the fact that Former Husband failed to present any evidence at trial that the necklace existed or was in Former Wife's possession.

"This Court reviews a determination of equitable distribution in a dissolution of marriage action for an abuse of discretion." *Gayer v. Nicita*, 368 So. 3d 533, 535 (Fla. 6th DCA 2023). "However, the distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on competent substantial evidence." *Id.* (quoting *Gupta v. Gupta*, 327 So. 3d 950, 954 (Fla. 5th DCA 2021) (internal quotations, alterations omitted)).

In this case, neither party introduced any testimony or other evidence that a necklace owned by Former Husband's brother existed or was in the possession of Former Wife. While Former Husband's counsel referenced such a necklace in Former Husband's written closing argument, an attorney's argument is not evidence. *Olson v. Olson*, 260 So. 3d 367, 369 (Fla. 4th DCA 2018). Because there was no evidence in the record to establish the existence of the necklace, the trial court erred

by requiring Former Wife to return the necklace to Former Husband.[2]  Accordingly, we reverse this portion of the final judgment.[3]

## II.    The Loan from Former Husband's Parents

Former Wife also argues that the trial court erred when it classified and distributed as a marital liability a loan from Former Husband's parents which was taken out during the parties' marriage and which was fully satisfied prior to the date that Former Husband filed his petition for dissolution.

"We review a trial court's characterization of a liability as marital or nonmarital de novo. We review any factual findings necessary to make the classification for competent, substantial evidence." *Gayer*, 368 So. 3d at 536.

Here, because the parties did not have a separation agreement, the cut-off date for determining assets and liabilities to be classified as marital or nonmarital was the

---

[2] Additionally, just as there was no evidence admitted at trial that the necklace existed, there was likewise no evidence admitted that Former Husband inherited the necklace from his brother.  If the necklace was owned by Former Husband's deceased brother's estate (or one of the heirs or beneficiaries of his estate that was not Former Husband), it would not be a nonmarital asset of Former Husband or a marital asset of the parties subject to equitable distribution. *See* § 61.075(6), Fla. Stat. (2018).  There is no provision in Section 61.075 permitting a party in a dissolution of marriage proceeding to prosecute property claims that third parties may have against the other party to the dissolution proceeding, nor is there any provision permitting a trial court in a dissolution proceeding to adjudicate property claims that third parties may have against one of the parties to the dissolution proceeding.

[3] The trial court did not assign any value to the necklace so our reversal of this portion of the final judgment does not affect the remainder of the equitable distribution scheme ordered by the trial court.

3

date of the filing of the petition for dissolution of marriage. *See* § 61.075(7), Fla. Stat. (2018). The undisputed evidence at trial established, and the trial court found, that the loan from Former Husband's parents was fully satisfied prior to the filing of the petition for dissolution of marriage. Because the loan was not a liability that existed as of the applicable cut-off date, the trial court erred by classifying the loan as a marital liability and distributing it.

The trial court appears to have classified the loan from Former Husband's parents as a marital liability because the trial court exercised its discretion to value the marital home as of the date of the parties' separation. The loan was used to purchase the parties' marital home and was still outstanding as of the date of the separation. Because the trial court valued the home as of the date of the separation, the trial court attempted to value the loan incurred to purchase the home as of the date of separation. However, while a trial court has discretion as to the date it uses to value marital assets and liabilities and we find no error in the trial court's exercise of discretion as to the valuation date for the home in this case, the trial court does not have discretion as to the date used to determine the existence of martial assets and liabilities and whether they are subject to equitable distribution. § 61.075(7), Fla. Stat. (2018). If an asset or liability does not exist as of the applicable cut-off date mandated by Section 61.075(7), then the asset or liability cannot be distributed in equitable distribution.

4

Accordingly, we reverse the portion of the final judgment classifying the loan from Former Husband's parents as a marital liability and distributing it to Former Husband and remand with instructions to the trial court to remove this liability and to adjust the equitable distribution scheme accordingly.

## **Conclusion**

For the foregoing reasons, we reverse the final judgment to the extent stated above and remand this case to the trial court for further proceedings consistent with this opinion. With respect to all issues not discussed in this opinion, the final judgment is affirmed.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

TRAVER, C.J., and WOZNIAK, J., concur.

Stacy L. Haverfield, of Stacy L. Haverfield, P.A., Fort Myers, for Appellant.

Iman Zekri and Kayla E. Richmond, of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED