DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCISCO O. PEREZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1252

[September 4, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Phoebee Francois, Judge; L.T. Case No. 20007069MU10A.

Gordon Weekes, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard C. Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from a restitution order arising from his sentence for driving under the influence causing property damage to a sheriff's office vehicle. The defendant argues the county court abused its discretion in awarding restitution of $3,416.36 as the alleged cost of repairing the vehicle, because the state had not presented any evidence during the restitution hearing that the vehicle for which the state had sought restitution was the vehicle which the defendant had damaged. We agree with the defendant's argument and are compelled to reverse.

### *The Restitution Hearing*

At the restitution hearing, the state called two witnesses: a sheriff's office fleet division employee who had overseen the repair to a damaged sheriff's office vehicle referred to as Unit 4621, and the owner of the body shop which had repaired Unit 4621.

The fleet division employee testified as follows. He had personally overseen the repairs of Unit 4621, which had been involved in an accident on May 17, 2020. He described the damages to Unit 4621, and identified photos showing those damages. The state introduced the photos into evidence without defense objection. The fleet division employee then described the damages shown in each photo, including the last photo showing the vehicle's rear end, which displayed "4621" as the vehicle's identifying unit number. However, the fleet division employee admitted he was not aware of how Unit 4621 had come to have been damaged.

The fleet division employee then identified the body shop's $3,416.36 repair estimate for Unit 4621. The fleet division employee testified he had signed the estimate, authorizing the body shop to perform the repairs on Unit 4621. The fleet division employee testified that after Unit 4621 had been repaired, the sheriff's office had paid $3,416.36 to the body shop.

The body shop owner then testified the damaged Unit 4621 had come through his body shop, for which the body shop had estimated $3,416.36 in repairs. The body shop owner confirmed that after Unit 4621 had been repaired, the sheriff's office had paid $3,416.36 to the body shop.

After the state apparently had rested, the county court asked defense counsel: "Any argument why I should not award the 3,416 dollars and 36 cents in restitution?" Defense counsel argued:

> Yes, Your Honor. The State … has the burden of proving th[e] [restitution amount] by [a] preponderance of the evidence. *They presented no evidence today that this was even the car that was in that accident [involving] [the defendant] …. There's been no evidence tying this back to [the defendant's] crash* …. And, as such, I would ask that you deny that restitution.

(emphases added).

The state responded, "Your Honor, we did introduce evidence that [the repaired vehicle] was [Unit 4621], and we also established that the date [of] the accident [in which Unit 4621 was damaged] was May 17th, 202[0]." The state then argued such evidence was "consistent with [the defendant's] case." However, the state did not refer to any evidence which it had presented during the restitution hearing to establish Unit 4621 was the vehicle which the defendant had damaged on May 17, 2020.

2

At that point, the county court elicited the state to attempt to cure its evidentiary omission:

> COURT:  Counsel, was … an accident report done in this case?
>
> STATE:  Yes, … Your Honor.
>
> COURT:  [The accident report] did indicate what the vehicle number was[?]
>
> …
>
> STATE:  …  One moment.  I just need to verify.  It does have … Unit 4621 in the [accident] report, Your Honor.
>
> COURT:  All right.  Why don't you show th[e] [accident report] to [defense] [c]ounsel.

After the state showed the accident report to defense counsel, defense counsel objected that the county court "should not … consider[] [the accident report] … in making [a] ruling," because the accident report "was not entered into evidence."

Despite defense counsel reiterating the state's evidentiary omission for which the defense was seeking denial of restitution, the state did not seek to re-open its case to introduce the accident report into evidence—even as admissible hearsay—or otherwise seek a brief continuance to present a witness to establish Unit 4621 was the vehicle which the defendant had damaged on May 17, 2020.

Instead, the county court responded:  "Okay.  I will look at [the accident report] …."  After reviewing the accident report from the bench, the county court stated:  "I am going to grant the request for restitution … 3,416 dollars and 36 cents."

The county court later entered a written judgment and restitution order directing the defendant to pay $3,416.36 in restitution.

### *The Parties' Arguments on Appeal*

This appeal followed.  The defendant's initial brief argues, in sum:

> The [county] court abused its discretion in awarding the $3,416.36 alleged to be the costs of repairing … [Unit 4621,]

3

where *there was no evidence presented indicating … the damage to … Unit 4621 was related to the May 17, 2020 incident involving* [*the defendant*].  [Accordingly,] [t]his Court should vacate the restitution order.

(emphases added).

The state's answer brief responds, in sum:

[The defendant's] argument … fail[s] because he has not provided th[is] Court with an adequate Record on Appeal[.]  … [The defendant's] failure to include the [accident] report reviewed by the [county] court during the restitution hearing … in the Record on Appeal essentially precludes th[is] Court from conducting a proper review in this case.  …

…

*Although the* [*accident*] *report was not **technically** entered into evidence below*, the law is clear the [county] court could take judicial notice of its own file.

(emphases added).  We note that at no point during the restitution hearing did the county court announce it was taking "judicial notice of its own file" or what its legal basis would have been for doing so, nor had the state requested such action or presented the legal basis for doing so.

### *Our Review*

"A trial court's restitution order is reviewed under an abuse of discretion standard.  *Restitution must be proved by **substantial, competent evidence** and this evidence must be greater than mere speculation.*"  *Hunter v. State*, 48 So. 3d 174, 175 (Fla. 4th DCA 2010) (emphases added; internal citation omitted).

Applying that standard of review, the defendant's reply brief articulately summarizes for our purposes why the state's response to the defendant's appeal does not hold water:

[T]he state is simply attempting to shift the burden of proof in this case, as it failed to meet its burden of proof during the restitution hearing.

…

In this case, the state failed to admit any testimony or documents into evidence at the restitution hearing to establish that … Unit 4621 was damaged by [the defendant's] actions. The state presented witness testimony, but failed to call any of the officers to the stand to testify that the unit damaged in the incident involving [the defendant] was Unit 4621. The state's failure to provide such evidence at the restitution hearing results in a … lack of evidence to support the [county] court's ruling.

The state attempts to argue to this Court that the appellate record lacks sufficient evidence and this is defense counsel's failure; however, any ***evidence*** that was presented at the restitution hearing was included within the record on appeal, *see* Fla. R. App. P. 9.200(a)(1)[.] ***[T]he lack of evidence presented by the state is exactly why this Court should reverse the restitution award***. The state's failure to admit any evidence at the restitution hearing indicating that [Unit 4621] was the subject of the damage from [the defendant's] case is attributable to the state and the state alone[.] [T]he state cannot now attempt to claim that the defense has failed to produce a complete record on appeal where the state's evidence demonstrating a relationship between [the defendant's] actions and the damage to Unit 4621 is non-existent because it was not presented as evidence before the [county] court. As previously stated, the prosecution failed to present any record evidence to support that Unit 4621 was the car damaged by [the defendant's] actions.

As the state failed to provide sufficient evidence to link the defendant to the damage to the vehicle, the restitution award cannot stand.

Accordingly, the [county] court erred by ordering restitution without competent substantial evidence of a causal relationship between the offense and the loss. § 775.089, Fla. Stat. (2020). As the state failed to meet its burden of proving a relationship between the offense and the damage to Unit 4621, the order of restitution must be vacated.

(emphases added; internal citations omitted).

We fully agree with the reply brief's argument.  Based on the foregoing, we are compelled to reverse the county court's restitution order.  On remand, the county court shall vacate the restitution order.

*Reversed and remanded with directions.*

CONNER and KUNTZ, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***